CHIEF JUSTICE WILLIAMS
delivered the opinion of the court.
The grand jury of Fleming County having found an indictment against the appellee for the crime of grand larceny, committed in November, 1866, in said county, by taking, carrying away, and converting to his own use seven sheep, of the value of twenty dollars, the personal property of Martin Conley, returned said indictment into court, signed at its foot by Geo. M. Thomas, attorney for the commonwealth, and indorsed on its hack “A true bill,” signed “E. A. Robertson, foreman.” Above this indorsement the style of the indictment and when filed is indorsed as follows: “The Commonwealth of Kentucky against James M. English, sheep-stealing; filed on the 9th day of May, 1867.”
The order of court is copied, in which it is said the grand jury presented an indictment against James M. English for “sheep-stealing; signed, a true bill.” And upon reading this order the court sustained the defendant’s motion to set aside said indictment on the sole ground “that it was not found and presented as required by the Code.”
*433 The commonwealth’s attorney announcing that he did not wish to submit it again to the grand jury, the court dismissed the prisoner from custody.
The commonwealth’s attorney excepted to all these rulings, and prayed an appeal.
There is no doubt but that section 275, Criminal Code, secures the right of exception upon the trial of criminal or penal prosecutions; because it provides that “either party may except to any decision of the court by which the substantial lights of such party are prejudiced, subject to the restrictions in the next section,” which are by 276 that “the decision of courts upon challenges to the pane], and for cause, upon motions to set aside an indictment, and upon motions for a new trial, shall not be subject to exceptions.” And section 331 secures the right of appeal to the commonwealth in any case where its attorney shall desire, and the attorney-general' of the state, “ on inspecting the record, is satisfied that error has been committed to the prejudice of the commonwealth, and upon which it is important, to the correct and uniform administration of the criminal law, that the court of appeals should decide, he may, by lodging the transcript in the clerk’s office of the court of appeals within sixty days after the decision, take the appeal.”
As the commonwealth’s attorney had the legal right to and did take exceptions to the ruling of the court, and the attorney-general of the state has prosecuted the appeal, and the bill of exceptions, without saying so in so many words, shows that all the evidence heard on the motion is certified, we come to the direct question whether the ruling is right.
^Section 117, Criminal Code, defines an indictment to be “an accusation in writing, found and presented by a grand jury to the court in which they are impan *434 eled, charging a person with the commission of a public offense.”
Section 118 provides that when the indictment is found, “it must be indorsed ‘a true billand the indorsement signed by the foreman.”
Section 120 provides that “the indictment must be presented by the 'foreman, in the presence of the grand jury, to the court, and filed with the clerk, and remain in his office.”
Section 128 provides that “the indictment is sufficient if it can be understood therefrom that it was found by a graud jury of a county or city, impaneled in a court having authority to receive it, though the name of the courtis not accurately stated; that the offense was committed within the jurisdiction of the court, and at some time prior to the finding of the indictment; that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce • judgment on conviction, according to the right of the case.”
All these requisites do appear from this indictment, for it charges a felony, and the manner of committing it, when and where, and of whose property.
But by section 159, the third cause for setting aside an indictment is that it was not “found and presented as required by the Code.”
The order of court is of course the only legitimate evidence of its being presented to the court; hence this inquiry comes to the single point whether the order stating that an indictment for sheep-stealing is a sufficient identity of an indictment for a felony committed by sheep-stealing.
The order of record and the indorsement on this indictment are of the same date. The indorsement made *435 by the commonwealth’s attorney or grand jury on the outside of the indictment, of the name and style of the parties, also calls it an indictment for “sheep-stealing,” while in the body of the indictment the offense is called “grand larceny,” committed by taking, etc., the sheep of another, setting out all the necessary facts.
This indorsement on the outside of the indictment is no part of it, and not required by law to be made, and is only resoi’ted to for the convenience of the officers of court; but still being there, and having designated the act as that of sheep-stealing, and the clerk’s indorsement of its being filed on a particular day being under it, and the order of court showing that an indictment for sheep-stealing was that day presented to the court against this identical defendant, both testifies to a proper presentment, and identifies the very paper containing the indictment, which itself shows a felony by sheep-stealing.
The indictment, when tested by all these various provisions of the Criminal Code, is sufficient, and the order of court and indorsement on its back shows it was duly presented and received by the court; hence the setting it aside and discharge of the prisoner were substantial errors, of which the attorney-general has the right to complain.
Wherefore the orders and judgment of the court setting aside said indictment and discharging the prisoner from custody are reversed, with directions for further proceedings on said indictment, and a re-arrest of the defendant thereunder.