## Duroff and Duke v. Commonwealth.

(Decided June 14, 1921.)

### Appeal from Floyd Circuit Court.

1. Indictment and Information—Order Filing—Description.—An order filing a joint indictment which states the name of one defendant and follows it with the abbreviation "etc." sufficiently indicates that more than one defendant is named in the indictment.

2. Indictment and Information—Supplying Defective Order.—An order filing an indictment may be amplified or supplied if it is defective or insufficient.

3. Larceny—Circumstantial Evidence.—The crime of grand larceny may be proven by circumstantial evidence.

4. Criminal Law—Trial—Discretion of Court.—The trial court has a broad discretion in the matter of calling an interpreter and if not observed will not be grounds for reversal of a judgment.

5. Criminal Law—Witnesses Unabe to Speak English—Interpreter.—Even though a witness or party be of foreign birth and able to speak the English language but imperfectly, yet the court should

not call an interpreter if by careful and patient questioning the witness can be made to understand the interrogatories and can make intelligent answers.

C. B. WHEELER for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Mike Duroff and Nick Duke, two sons of Servia who have been in this country only a short time, were indicted in the Floyd circuit court for the crime of grand larceny, and upon trial, convicted and their punishment fixed at one year's confinement in the state penitentiary. They appeal. In doing so they urge the following grounds for reversal of the judgment against them: (1) The court erred in failing to sustain their motion to quash the indictment because there was no sufficient order showing its return by the grand jury and that it was filed in open court in the presence of the grand jury; (2) the court allowed incompetent evidence to be introduced against appellants; (3) misconduct of the attorney for the commonwealth in repeating an incompetent question · after the court had ruled it improper; (4) failure of the court to call an interpreter; (5) error of court in overruling motion of appellants for a directed verdict in their favor, and, (6) the instructions are erroneous and prejudicial to appellants in that they did not inform the jury that one of the appellants might be acquitted even if the jury should believe from the evidence the other defendant had been proven guilty beyond a reasonable doubt.

(1) The order filing the indictment of which complaint is made is very imperfect. It reads, in so far as pertinent to the inquiry here: "Came this day the grand jury in charge of Squire Hamilton, foreman,' and after answering to their names reported to the court the following indictments, to-wit: . . . The Commonwealth of Kentucky v. Mike Duroff, etc. Crime, grand larceny. Bail. $—— . . . each of which were signed 'A true bill' by Squire Hamilton, foreman, and filed in open court in the presence of the grand jury with process ordered and directed to issue thereon, and with bail fixed as indicated

above on foot of each true bill." On the back of the indictment is the following:

COMMONWEALTH OF KENTUCKY.

VS: INDICTMENT.

MIKE DUROFF AND NICK DUKE

GRAND LARCENY

A TRUE BILL

SQUIRE HAMILTON, Foreman.

Witnesses for the Commonwealth: Joe Tolts, Garfield Wright, Pete Maliva, D. S. Spencer and John Toney.

J. D. SMITH, Commonwealth's Attorney.

Filed in open court this 8th day of February, 1921.

HENRY STEPHENS, C. F. C. C.

Bail $——."

It is insisted that the order filing the indictment and the endorsement are insufficient to satisfy the statutory requirements concerning the finding and return of indictments. The Criminal Code, section 121, reads:

"The indictment must be presented by the foreman, in the presence of the grand jury, to the court, and filed with the clerk, and remain in his office as a public record."

We have held that the clerk's endorsement filing an indictment is not essential to its validity and if the question is raised may be supplied. Pence v. Com., 95 Ky. 618. It has also been held that any reasonable identification of the crime or charge in the indictment will suffice. Com. v. English, 6 Bush 431. Nor was it necessary for the order filing the indictment to contain the names of the grand jurors where the order impaneling them sets out the names, for this will enable the defendant or person charged to obtain any information concerning the formation of the jury and the members thereof. The order in question sufficiently shows that the grand jury came into court and after answering to a call of their names reported into court an indictment accusing Mike Duroff, etc., of the crime of grand larceny. But it is urged that the abbreviation "etc." appearing after the name Mike Duroff is not sufficient to indicate that the indictment included the name Nick Duke or any other person than Mike Duroff. This abbreviation is from the Latin *et cetera,* meaning "and others" or "and so forth," and is in common use and is generally understood to mean what the words imply. The order indicated that there

was more than one defendant named in the indictment and the endorsement on the indictment set forth both names. The order filing the indictment was defective but was a substantial compliance with the Code provision and did not entitle the appellants to a quashal of the indictment.

(2). No incompetent evidence is pointed out by the appellants. It is true the whole case is one of circumstantial evidence but the crime of grand larceny as well as other crimes are often so proven. Davis v. Com., 191 Ky. 242.

(3). The attorney for the Commonwealth should not have asked the appellant, Mike Duroff, if he had not murdered and robbed his father in the old country, or if he had not told some one he did so, but the objections of appellants to these questions were both promptly sustained by the trial judge, who stated in the presence and hearing of the jury: "It is incompetent and not necessary to ask him any more about it." No other question was asked along this line. There was no motion by appellant to discharge the jury, and if there had been we do not think the conduct of the Commonwealth's attorney in asking the incompetent questions was such as to have warranted the court in sustaining such motion. In the light of what took place we do not think the substantial rights of the appellants were prejudiced.

(4). The record does not show the appellants moved the court for an interperter, but there is some slight indication that such a request was made some time during the trial. Whether the request or motion was acted upon does not appear. The trial court is vested with a broad discretion in the matter of calling an interpreter, to be exercised according to the facts of each case. If the witnesses are unable to understand and speak the English language the court should either on motion or of its own knowledge call a competent qualified person to translate and interpret the questions propounded and the answers given thereto, but where the witnesses are able to understand and speak the English language, even imperfectly, but so as to make themselves understood and to convey their thoughts and ideas, no interpreter should be called or allowed. Nioum v. Commonwealth, 128 Ky. 685. This is true even in cases where the witness does not at first understand the question and it has to be repeated to him, if he can be made with reasonable effort to understand the question. The witnesses in the case at bar were able

to speak and understand the English language reasonably well as the record fully discloses and there was no real necessity for an interpreter. Aside from this the record does not show that appellants moved for the appointment of an interpreter, and such objection comes too late when made for the first time in the motion and grounds for a new trial.

(5). We cannot agree with learned counsel that the facts proven by the Commonwealth were not sufficient to carry the case to the jury. Appellants and Joe Tots, who owned the watches and other stolen property, and Pete Maliva slept in the same room. Tots got up early and went away; later Malvia arose and left the house, but appellants remained in bed. About nine o'clock appellants arose and went to breakfast and soon left for Prestonsburg, ostensibly to buy some shoes. When Tots returned to the room he found his trunk broken open and his watches and chains and two finger rings missing. He raised an alarm and the city marshal was notified. He called the marshals of some nearby towns and asked them to keep a lookout for the appellants and to arrest them. They were arrested in a poolroom of a neighboring town and returned by the officer making the arrest, to Wayland where the larceny was committed. It was about ten miles and as there was no train going that night the officer walked his prisoners all the way. At the time of arresting them he says he made no search of the persons of appellants to find the stolen jewelry, but only searched them for weapons. After they had traveled along the railroad for a considerable distance one of the appellants asked to be allowed to withdraw, for private reasons, to the roadside. To this the officer consented. The other appellant went a short distance ahead and was seen by the officer to make a motion as if casting something from him. It was night but not very dark. Next day the officer returned to the place where the first appellant stopped on the roadside and there he found one of the stolen watches and chains. The next day the officer found at the place where the second appellant was seen to make the motion as if casting something from him, the other watch and chain and one of the stolen rings. This was several miles from where the property was stolen. Under these facts the jury was fully justified in finding the appellants guilty of the crime charged. Appellants were not entitled to an instruction to the jury to find them not guilty.

(6). Complaint is made that the instructions were so drafted as to require the jury to find both defendants guilty if either were found guilty. This complaint is well founded. There is no provision in the instructions for the jury to find one of the defendants not guilty even though it should not believe from the evidence that he was guilty, although it believed from the evidence beyond a reasonable doubt that the other defendant was guilty of the crime charged in the indictment. In a criminal case it is the duty of the court to give the whole law of the case whether asked by the defendant or not. French v. Commonwealth, 28 R. 64; Thompson v. Com., 122 Ky. 501. Gordon v. Com., 136 Ky. 508, and in a case where the evidence is all circumstantial it is further the duty of the court to give the whole law of the case as applicable to any state of facts which may arise under the circumstantial evidence. McDowell v. Commonwealth, 4 R. 353; Hobson on Instructions, page 794.

But a court is never required to nor should it give an instruction which finds no support in the evidence. There is not a word of evidence which would tend in the slightest degree to prove or even indicate that one of appellants was less guilty than the other, if either was guilty. Both were guilty under the evidence or neither was guilty. The jury could not upon reason have found one guilty and the other not guilty. Such a verdict could have resulted only from caprice.

While ordinarily an instruction in a case like this, where there are two defendants, should allow the jury to find either one or both of them guilty or not guilty, the particular facts of this case did not warrant such an instruction and if given would not have been proper though it would not have been harmful or prejudicial to the Commonwealth.

From a review of the whole record we are of the opinion that defendants have had a fair trial and the judgment is affirmed.