### TOM LAND et al. v. STATE.

No. A-4543.    Opinion Filed Nov. 1, 1924.
(229 Pac. 844.)

(Syllabus.)

**Trial—Instruction that, if Either Defendant Found Guilty, Both May Be Convicted, Held Prejudicial.** Where, on a joint trial, the court instructs in substance and effect that, if the jury believe either defendant guilty, they are at liberty to find both defendants guilty, the error is prejudicial.

Appeal from County Court, Beckham County; E. G. McComas, Judge.

Tom Land and another were convicted of the unlawful conveyance of intoxicating liquor, and they appeal. Reversed and remanded for new trial.

Arthur Leach, for plaintiffs in error.

The Attorney General, for the State.

MATSON, P. J.   This is an appeal from a judgment of conviction rendered against these plaintiffs in error in the county court of Beckham county on a joint trial on a charge of unlawful conveyance of intoxicating liquor.   The jury failed to agree on the punishment, and the court assessed the punishment against each at a fine of $100 and imprisonment in the county jail for a period of 30 days.

The trial court gave the following instruction:

"You are instructed that if you find and believe from the evidence in this case beyond a reasonable doubt that the defendants Tom Land or Dick Brock, or either of them or both of them, at or within the county of Beckham, state of Oklahoma, on the 23d day of October, 1922, did unlawfully, willfully, and wrongfully, convey, transport, and carry certain spirituous and intoxicating liquor, to wit, two pints of whisky from a point unknown to your affiant to a point on the section line about one-half mile west of the north end of Main street, in Erick, Beckham county, Okla., as charged in the information filed herein, then the defendant or defendants will be guilty of the offense charged, and you should so say by your verdict; but you are further instructed that if you do not so find all of these facts to have existed and occurred beyond a reasonable doubt, then you should acquit the defendant, or defendants, and find a verdict of not guilty."

The foregoing instruction was objected to by the defendants.   The objection was overruled and exceptions allowed.   The giving of said instruction over the objection and exception of defendants was urged in the trial court as one of the grounds for a new trial, and is here urged as prejudicial to the substantial rights of plaintiffs in error.

We think this instruction, in the form given, is prejudicially erroneous to these plaintiffs in error, in that it is misleading and ambiguous. The trial judge evidently intended to tell the jury that, although the defendants were jointly charged and tried, it was within the province of the jury to acquit one and find the other guilty, or to acquit both of them, or to find both of them guilty, but instead the trial court in effect told the jury that if the jury believed beyond a reasonable doubt that either of them was guilty of the offense charged and as charged, then "the defendant or defendants will be guilty of the offense charged." This was equivalent to saying that if the jury believed beyond a reasonable doubt that either one of the defendants was guilty, then the jury was at liberty to convict both defendants, although the jury may have had a reasonable doubt as to the other defendant. We have examined the charge as a whole, and in none of the paragraphs thereof is the meaning of the court as contained in the foregoing instruction made clear to the jury.

For such reason the judgment as to each plaintiff in error is reversed, and the cause remanded to the trial court, with directions to grant a new trial.

BESSEY and DOYLE, JJ., concur.