THE STATE v. ELMER LAMBERT and FRED LAMBERT, Appellants.—300 S. W. 707.

Division Two, December 12, 1927.

*Dudley & Brandom* for appellants.

*North T. Gentry*, Attorney-General, and *Smith B. Atwood*, Assistant Attorney-General, for respondent.

WALKER, J.—The appellants were charged by information in the Circuit Court of Daviess County with the transportation of hootch, moonshine and corn whiskey; upon a trial to a jury they were convicted and jointly fined $500. The offense charged being a felony, the appellants have appealed from the judgment rendered thereon to this court.

About six o'clock P. M., August 29, 1925, a witness for the State saw the appellants who were riding in a stripped Ford car, by which is meant one without a top and fenders. When they reached a point on the road near the town of Pattonsburg, where the road was lined with tall weeds, Elmer Lambert, who was at the wheel, stopped the car. Fred Lambert alighted therefrom, took a glass jar containing a liquid from a box on the rear of the car and carried it into

the weeds. He reappeared in a few minutes without the jar, got into the car, which they turned around in the road, and drove away. The witness, who was a boy about sixteen years of age, ran home and related the occurrence to his father. The latter, accompanied by a deputy sheriff, entered the tall weeds opposite where the boy said the car had stopped and where the tracks in the road showed that it had been turned around. Upon a search the glass jar, about half full of what was later shown to be corn whiskey, was found; it suited the description of that described by the boy as having been taken into the weeds by Fred Lambert.

The defense was an alibi. Fred Lambert testified that at the time the State's witness said he was carrying the jar of liquor into the weeds, he was in company with two others (naming them) three and a half miles northwest of Pattonsburg on his way home. That on the way they stopped at a railway crossing while a train was passing. Elmer Lambert testified that from five o'clock until six :twenty-five P. M., on the day the offense is charged to have been committed, he was in Pattonsburg, where he had gone in the stripped car referred to, and at about the last named hour he started home. When he went for his car he found it on the opposite side of the alley from where he had parked it. The testimony of the appellants as to their whereabouts at the time the offense is alleged to have been committed was corroborated in a general way by several witnesses. We say in a general way, because they are somewhat indefinite as to the exact time the witnesses were in the company of the appellants.

Appellants' voluminous motion for a new trial, consisting of thirty paragraphs, is reduced to eight in the assignment of errors (these assignments being wholly unnecessary under our Criminal Code, Sec. 4106, R. S. 1919). A further reduction to three subjects is made in the brief upon which the appellant rely for a reversal and to which our review will be limited. [State v. Simpson, 295 S. W. (Mo.) 739; State v. Murrell, 289 S. W. (Mo.) 859.]

The three contentions relied upon are: (1) the insufficiency of the evidence; (2) the legal propriety of instructions numbered nine and ten, given by the court; and (3) the regularity of the verdict or, incidental thereto, the right of the court to assess separate punishments.

Omitting formal allegations in Instruction Number Nine (concerning the legal propriety of which there is no question), the portion of the instruction here under review is in effect as follows: "If you find that the defendants, on the day named, did transport hootch, moonshine, corn whiskey, you will find them guilty and assess their punishment at imprisonment in the penitentiary for a term of not less than two years nor more than five years or by a fine of five hun-

dred dollars or imprisonment in the county jail for a term of not less than three months nor more than twelve months or by both such fine and imprisonment.''

Instruction Number Ten is as follows:

''The court instructs the jury that if you find the defendants guilty of transportation of hootch, moonshine, corn whiskey as charged in the information your verdict may be in the following form: 'We the jury find the defendants guilty of transportation of hootch, moonshine, corn whiskey as charged in the information and we assess their punishment at ——————.' ''

I. It is evident from the verdict that the jury, as triers of the facts, did not give credence to the testimony of the appellants and their witnesses. Measured by the rule which should be applied in determining whether the jury was justified in their conclusion concerning the probative force of the testimony adduced, we are of the opinion that the State's testimony was of a sufficiently substantial nature to sustain the verdict and that the jury did not err in so holding. We therefore overrule this contention.

II. The objection urged to Instruction Nine is that the court erred in not telling the jury that they had the right to find one of the defendants guilty and one not guilty or both guilty or both not guilty, if the evidence warranted. The reason urged in support of this contention is that the jury was thereby misled by the terms of the instruction in that it directed them that they had the right to fix a joint punishment, which they did, and were not required to return a separate finding as to each defendant, as prescribed by Section 4046, Revised Statutes 1919.

The appellants' contention is not without merit and is not subject to the respondent's criticism as being ''technical and trivial.'' The instruction, as given, was properly and timely objected to ·and this objection was formally preserved in the motion for a new trial. It is the duty of the trial court under our statute (Sec. 4025, R. S. 1919) whether requested or not, to instruct the jury, in writing, upon all questions of law arising in the case which are necessary for their information in giving their verdict. The mandatory nature of this statute has reference to the giving of such instructions as to the general principles of law which of necessity must be applied by the jury in reaching a correct conclusion upon all of the essential issues submitted for their consideration. [State v. London, 295 S. W. (Mo.) l. c. 549 and cases; State v. English, 308 Mo. 695, 274 S. W. 470; State v. Lackey, 230 Mo. 707.] It is necessary for the information of the jury therefore in returning a verdict against de-

fendants jointly charged, that they be informed as to the limit of their authority and the manner in which it may be exercised. This being true the error in the instruction becomes evident. This conclusion accords with reason and finds support in precedent.

In State v. Vaughan, 200 Mo. 1. c. 18, 98 S. W. 2, in which several defendants jointly charged with the commission of a murder were tried together, it was insisted that an instruction asked by them requiring a separate finding as to each should have been given, because each had a right to have his case passed upon by the jury as if he alone were on trial. As that case went to the jury this phase of it was not submitted to them "in the absence of which," says the court, "the jury may have believed that it was their duty under the evidence and the instructions given, to find the defendants all guilty or to acquit them all. While it may be true that they were all alike guilty, were they not entitled to have the jury instructed that they were at liberty to find one or more of them guilty and others not guilty, as they might believe from the evidence? We think they were. It is no answer to this suggestion to say that under the evidence they were all alike guilty, for that question was for the consideration of the jury, and it was their province, if so inclined, to have acquitted either one or all of them or to have acquitted some of them and found the others guilty or not guilty of a less degree of crime than that charged, notwithstanding the evidence to the contrary."

It is true that in the Vaughan case an instruction was asked and refused embodying the features here contended to have been omitted. That no such instruction was asked in the instant case does not serve to exempt it from the charge of error as it was the court's duty, as we have indicated, to give it as an essential statement of the law necessary for the information of the jury in the discharge of their duty. This fact distinguishes the instant case from those which upon a casual reading seem to hold to the contrary. Semble: In State v. Taylor, 261 Mo. 210, in which two defendants were jointly indicted and tried for murder there was no error complained of in the giving of the instructions; and the form of the verdict was: "We the jury find the defendants guilty in manner and form as charged in the indictment and assess their punishment at life imprison." "This verdict," says the court, (page 225), "clearly violates the express letter of the statute" (then Sec. 5252, R. S. 1909; now Sec. 4046, R. S. 1919). "It is also imperfect and irregular in that it assesses the punishment at life imprison." Notwithstanding the assessment of a joint punishment and the irregular form of the verdict the court held that in law this was tantamount to a general verdict of guilty and a failure to assess any punishment and the action of the trial court in so holding and the fixing of the punishment at ninety-nine

years, under Section 5254, Revised Statutes 1909 (now Sec. 4048, as amended, Laws 1925, p. 197), was affirmed and the contention of the defendant disallowed. In this case as in those on which it relied to sustain its affirmance of the trial court's ruling (State v. Thornhill, 174 Mo. 364; State v. Gordon, 153 Mo. 576), no prejudicial errors are disclosed by the record up to the return of the verdicts therein. The ruling, therefore, in these cases cannot, with proper discrimination, be held to conflict with that in the Vaughan case, supra, and others which we will refer to later. In State v. James, 216 Mo. l. c. 400, 115 S. W. 994, in which a joint verdict was returned in a case in which defendants jointly charged by information were tried together, a general verdict was sustained by this court on the ground that the defendants had not asked an instruction that the jury might find one or both of the defendants guilty, or acquit one or both of them as they might find the facts to be. This failure, it was held, differentiates the James from the Vaughan case in which the instruction was asked and refused. The fallacy in the ruling in the James case is that it assumes that the instruction authorizing a separate finding as to the guilt of defendants jointly charged is a collateral matter and hence required to be given only when requested by the defendants. The statute (Sec. 4046, supra) is general in its terms and mandatory in its requirements. This classification is not only in harmony with its context and the evident purpose of its enactment, but we have so held in construing it. In a recent review of the rulings (State v. Carroll, 288 Mo. l. c. 408, 232 S. W. 699), on this statute, WHITE, J., summarizing in a sentence the construction we have here given to it, says: "This court has held in several cases that the statute is mandatory, and that the assessment of a joint punishment is no assessment at all." It may be added, therefore, in addition to what has been said in regard to the essential character of the statute in requiring an instruction thereon for the information of the jury, that its mandatory nature emphasizes the duty of the court to give it and removes it from the category of a collateral matter to which defendants are entitled only when requested.

III. While Section 4048, as amended, Laws 1925, p. 197, empowers the trial court to assess the punishment in certain cases, this power can only be properly exercised within the limitations of the statute and in the absence of prejudicial error preceding the rendition of the verdict. [State v. Carroll, 288 Mo. l. c. 408 and cases cited and reviewed.] To rule otherwise would be to empower the trial court to eliminate from consideration other prejudicial errors by a correction of the verdict and the assessment of the punishment. Cases, therefore, where joint findings of guilt have been held to be subject to correction by trial courts and

712

not grounds of error are those in which no preceding prejudicial error appears in the records.

The facts in this case may therefore be thus summarized: the defendants were jointly charged and thus tried; they were entitled, as a matter of right, to an instruction defining the power of the jury in determining as to their guilt, not jointly but severally. They were not given this right. A joint-verdict, both as to their guilt and the extent of their punishment, was rendered. The trial court, ignoring their right to the instruction to which they were entitled, proceeded on the assumption of the prior regularity of the proceeding to correct the verdict and assess their punishment. This was in excess of the court's authority and did not minimize the injurious effect of the failure to properly instruct the jury.

Under this state of the facts a reversal and a remanding of the case becomes necessary. It is so ordered. All concur.