STATE OF IOWA, Appellee, v. WILLIAM HEFFELFINGER et al., Appellants.

No. 40774.

JUNE 20, 1931.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, Andrew Bell, County Attorney, for appellee.

T. V. Walker, for appellant.

ALBERT, J.—Among the instructions given by the court we find the following:

"In order to find the defendants, or either of them, guilty of the charge made in the indictment herein, the burden of proof is upon the State to establish by the evidence, beyond a reasonable doubt, each and all of the following propositions, viz.:

"1. That the defendants, or either of them, did steal from Edgar Larson one Chevrolet sedan automobile, Model 1930, license No. 24-6541 Crawford County, Iowa, motor number

1593098, then and there of the personal property of Edgar Larson.

"2. That such act of the defendants, or either of them, if any, took place on or about the 26th day of October, 1930.

"3. That such act of the defendants, or either of them, if any, took place in Crawford County, Iowa.

"If the State has established by the evidence, beyond a reasonable doubt, each and all of the above and foregoing propositions you should find the defendants guilty, but if the State has failed to establish by the evidence, beyond a reasonable doubt, any one or more of such propositions you should find the defendants not guilty of the offense charged in the indictment."

Strenuous objection was made to the correctness of this instruction.

It is to be remembered that while these defendants were indicted and tried jointly, yet the guilt of each is a separate question to be decided by the jury, and each is entitled to have the instructions so written as that his separate guilt shall be determined by the jury. The above instruction does not clearly recognize this principle which we announced in State v. Harvey, 130 Iowa 394. Analyzing the instruction given, under the numbered elements therein set out, is, if "either of them" stole the automobile on or about the 26th day of October, 1930, in Crawford County, and in the last paragraph of the instruction the jury was told "you should find the defendants guilty". The instruction is faulty because it does not separate and submit to the jury the separate guilt of each of the parties.

Some other matters are argued, but as this case is submitted on a short transcript, this is the only material question before us.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.