## Mixon v. Commonwealth.

Feb. 20, 1940.

Loraine Mix, Judge.

26

Ollie James Cohen for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The appellant, Miles T. Mixon, and his wife, Sally Mixon, were jointly indicted by the grand jury of Jefferson county charging them with the offense of robbery, in the perpetration of which a deadly weapon, to-wit, a pistol, was displayed and used. The defendants were tried jointly and the jury returned verdicts finding appellant guilty and fixed his punishment at life in the State Reformatory and acquitted Sally Mixon. Appellant has appealed and insists on a reversal of the judgment against him on three grounds, namely, (1) the court erred in not granting appellant a continuance of the case; (2) the verdicts of the jury as to the two defendants are inconsistent with each other, and therefore contrary to the evidence, and (3) the Commonwealth's attorney repeatedly asked prejudicial questions from which improper inferences were sought to be and were made.

(1) In support of appellant's motion for a continuance, his counsel, Ollie James Cohen, filed his affidavit in which he stated in substance that he was employed by defendants as their counsel on November 28, 1938, the day before the case was set for trial, and that he knew nothing concerning the facts, had not had time to procure a subpœna for witnesses not even for officers Scott and Richardson who lived in the city of Louisville, and within the jurisdiction of the court, and setting out what he expected to prove by said officers. He further stated that three or four days after the robbery in question was comitted in Louisville, Jefferson County, Kentucky, a jewelry store in the city of Decatur, Indiana, was held up by a man or woman at the point of a pistol and he desired to secure the presence of the proprietor of the jewelry store and also the presence of the chief of police of Decatur for the purpose of proving those facts. The defendants also filed their affidavit which set out facts similar to those contained in the affidavit of their attorney in reference to the time he was employed and the absence of the two witnesses, Scott and Richardson.

The trial court rendered an opinion overruling appellant's motion and grounds for a new trial in which it set forth the facts and steps taken in the case from the time of the indictment to the day of the trial.

It appears from the opinion of the trial court, which is supported by the record, that appellant was indicted on October 28, 1938, and brought before the court on the charge on October 31, at which time the court appointed Mr. Frank Cahill, an experienced and competent attorney of the bar, to defend the defendants and their said attorney entered a plea of not guilty and announced that it was doubtful whether he would be able to represent them or not. On November 14 defendant was again brought from the county jail into court and at that time Mr. Gray Blanchard, another competent and experienced attorney of the local bar, was appointed to represent the defendant. In the meantime between the date of the arraignment and the date of the appointment of Mr. Blanchard (November 14) another attorney was appointed to represent defendant, and he reported to the court that the defendant would not cooperate with him in the county jail. At the time the case was called for trial, on November 29, Mr. Gray Blanchard announced

ready for trial, and thereupon the defendant informed the court that he did not want Mr. Blanchard to have anything to do with his defense and that he had employed Mr. Cohen, who represented him in the trial.

The court further stated in the opinion that the defendants were strangers in the community and the court had given them ample opportunity to secure the depositions of witnesses as to reputation or other matters which they might have wanted to show, but it was not shown on the trial of the case nor previous thereto nor since then, that defendants were either able or unable to produce any testimony other than that which was produced in court. The court indicated in its opinion that the defendants conceived the idea that if they changed counsel every time the case was called for trial they would be granted a continuance or postponement of the trial and for that reason they discharged Mr. Blanchard who had investigated their case and announced ready for trial on November 29th. It also appears that when defendant was brought into court on November 14 he stated to the court that if he was granted until the 29th he would ask no further continuance and would be ready for trial. That time he was represented by competent counsel appointed by the court, who, as stated above, had made a thorough investigation of the case and answered ready for trial, but was discharged and new counsel injected into the case.

We also have the affidavit of Mr. Blanchard in which he stated that he counseled with the defendant constantly for a period of two or three weeks and complied with every suggestion and wish of the defendant relative to the preparation of his case, and he was prepared and ready for trial and so announced when the case was called for trial on November 29th.

It is to be noticed that the affidavits of the defendant and their counsel stated no substantial reason for a continuance except time to secure the attendance of officers Scott and Richardson who appeared and testified in the case, and their attendance at the trial cured any prejudicial effect that might have been wrought by the refusal of the court to give time to secure their attendance.

With reference to the alleged robbery of the jewelry

store in Indiana we are unable to see but little if any connection that might have had with the guilt or innocence of the defendant on the charge against him. Counsel speculates that the people who committed the robbery with which defendant is accused might have been the same ones who committed the robbery in Indiana, and merely asked that he have time to secure the attendance of the alleged Indiana witnesses who were out of the jurisdiction of the court and whose attendance could not be secured. However, if the affidavit had shown any reasonable connection between the Indiana robbery and the robbery with which defendant is charged, with reference to identity of the appellant, and had asked for time and opportunity to take the depositions of the witnesses who were out of the jurisdiction of the court, a different question might be presented.

Furthermore, granting or refusing a continuance is largely within the discretion of the trial court and its action in such matters will not be interfered with by this court unless it is clearly shown that there was an abuse of such discretion on the part of the trial court. We do not think there was any prejudicial error in refusing a continuance of the case.

(2) It is insisted that the verdicts of the jury as to the two defendants are inconsistent with each other and therefore contrary to the evidence. The prosecuting witness, Charles Steibling, who was robbed, positively identified appellant and his codefendant wife, as the people who robbed him. He said that he was in the gas station alone when appellant and his wife came in and they said they wanted to use the rest room, which permission he granted and appellant went to the men's rest room. Sally Mixon followed appellant almost to the rest room and then came back and stood by the door leading outside until appellant came out of the rest room and came over to the desk and said he wanted some gasoline; he, witness, looked for a car but saw none, and appellant took a checkbook out of his pocket and the witness told him that he could not take a personal check; appellant then said, "That is funny, I didn't want to get the gas until morning." The witness said he suspected something was wrong and started toward the door and at that time appellant said "Maybe you can take this," pointing a revolver at the witness

and forced him into the rest room and took his money and made him sit down on the floor and went out the door. The witness was asked what Mrs. Mixon was doing while appellant was committing the robbery, and he said she was standing by appellant and "served as lookout."

In brief of counsel for appellant it is argued that the evidence was the same as against each of the defendants and if sufficient to convict one it is also sufficient to convict the other, and, if insufficient to convict one it was likewise insufficient to convict the other, and this inconsistency in the verdicts rendered them contrary to the evidence and the law. We are unable to agree with appellant that the evidence was the same as to both defendants. There could be no question about the sufficiency of the evidence to warrant a conviction of appellant, but it is not so strong against Sally Mixon, the co-defendant, whom the jury acquitted. Her maneuvers and conduct there might be strongly persuasive that she knew her husband's purpose in going into the filling station and that she was *particeps criminis*. But it was a province of the jury to say whether or not the evidence was sufficient to convict her.

Section 266, Criminal Code of Practice, provides that upon an indictment against several the jury may return a verdict of guilty as to some, and not guilty or a special verdict as to the others, and if the jury cannot agree as to all the defendants they may find a verdict as to those concerning whom they do agree. See, Suroff & Duke v. Com., 192 Ky. 31, 232 S. W. 47, and 16 C. J. 1104, Section 2591.

Since the evidence was not the same as to both defendants it follows that there is no merit in appellant's contention on this point.

(3) Lastly it is argued that certain questions asked by the Commonwealth's attorney were prejudicial, notwithstanding the court sustained objections thereto and admonished the jury not to consider the same. The evidence complained of related to an automobile in which defendants were traveling. The Commonwealth's attorney asked: "That car has been turned over to Dr. Ingerman at Chillicothe, Ohio, hasn't it" to which the court sustained objections and admonished the jury not to

consider it. Later the Commonwealth's attorney again referred to the automobile and the court admonished the jury as follows:

> "The jury won't consider the question of the car for any purpose whatever. That has nothing to do with this case except on the question of identification, if you think it does affect that question, and for no other purpose."

Appellant insists that the purpose of the Commonwealth's attorney in referring to the automobile was for the purpose of conveying to the jury the idea that defendant was traveling in a stolen car. As to what impression that might have made upon the jury is more or less speculative. It is just as consistent to assume that the jury might have thought it was for the purpose of identifying the defendants, as noted by the court in its admonition to the jury, as it was for the purpose of conveying the idea that it was a stolen car.

It is the rule that when the court sustains objections to testimony, or a question, and admonishes the jury not to consider it, the presumption is that the jury followed the admonition of the court, except, however, in extreme cases. Franklin v. Com., 266 Ky. 833, 100 S. W. (2d) 690.

It has been held, however, that where the testimony of a witness or the inference to be drawn from an improper question persistently asked by the Commonwealth's attorney, is so highly prejudicial that it reasonably may be calculated to prejudice the jury, notwithstanding the admonition of the court to the jury not to consider it, it is sufficient to warrant a reversal of the case. But since the inference that might have been drawn by the jury from the questions asked by the Commonwealth's attorney relating to the automobile in which defendant was traveling, is more or less speculative and uncertain and the court admonished the jury not to consider it except for the purpose of identification, we do not think it had any controlling effect on the jury's verdict. This is especially true since the jury had an abundance of positive testimony of the prosecuting witness in addition to certain other circumstantial evidence, tending to prove appellant's guilt. Under such

circumstances it would ·be unreasonable to presume that the jury was controlled by a mere inference that might have been drawn from the question complained of rather than by the substantial, positive evidence of the witnesses, which alone was sufficient to warrant a conviction notwithstanding any inferences that might have been drawn from the alleged incompetent question.

Finding no prejudicial error, the judgment is affirmed.