STATE *vs.* GERALD MASTRIACCHIO *et al.*

MAY 3, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.    The defendants in this case were convicted of rape on an indictment which charges that Gerald Mastriacchio and Frank Romano, on June 1, 1943, did rape the complaining witness.

The defendants are now before us on separate bills of exceptions containing many exceptions, all of which are waived excepting Mastriacchio's exception numbered 22 and Romano's exception numbered 10. Since these two exceptions raise the same question, we shall deal with them as one exception, our decision, however, applying with equal force to the exception of each defendant. In view of the question so raised, we note here that the verdict, as returned by the jury and recorded by the court, reads: "verdict guilty".

A mere outline of the testimony is sufficient for our purposes. Complaining witness testified that she had recently come to Providence with her husband, who was in the armed forces and had been transferred to a station in this state; that in the early afternoon of June 1, 1943 she went to a certain establishment in this city for employment; that it was raining when, having completed her mission, she started to go for a bus which would take her to the business section

of Providence, where she intended to make certain purchases; that, as she started for the bus, three men in an automobile, whom she did not know at the time, asked her if she wanted a ride; that she accepted the invitation and entered the automobile, sitting in the front seat beside the driver; that she thereafter told them her destination; and that they promised to let her off where she desired.

Complaining witness further testified that, after traveling for some considerable time, she became suspicious and asked the men where they were going; that she was told that they were taking one of the men to his home, as he had to go to work; that they stopped at a house on Admiral street in this city, where the man who had been driving the automobile up to that time left it; that Mastriacchio then took the wheel of the automobile and continued driving out on Admiral street until he came to an isolated and wooded place, where he stopped; and that, after making some improper advances and suggestions, he, actively assisted by Romano, overcame her by force and, on the rear seat of the automobile while Romano was outside, committed the offense charged in the indictment. She also testified that she was forced to submit to a partial consummation of a similar act by Romano after Mastriacchio left the automobile.

In his testimony Mastriacchio admitted the sexual act, but insisted that it was with the consent of the complaining witness. Romano supported him in this respect and also testified that, when the act with Mastriacchio was about to take place, she told him to take a walk, which he did; and that, when he came back after a short time and looked in the automobile, he saw Mastriacchio and the complaining witness on the back seat still in performance of the act. Romano denied that he carnally knew the complaining witness, although he admitted that, with her consent, he engaged in a certain lewd and lascivious act with her.

The trial justice began his charge by reading the indictment to the jury and then proceeded as follows: "It is a charge that the two men acting together committed one

rape of her. Hence it follows that these two men are either not guilty, or these two men are guilty. It is not proper that you should return a verdict that one is guilty and one is not guilty. Your verdict must be that the two are guilty, or the two are not guilty." We find this instruction reiterated in substance a number of times throughout the charge and, almost at the very end, he said: "I tell you, Mr. Foreman, Ladies and Gentlemen, in this case your verdict must be either that both of these men are guilty, or both are not guilty."

After the jury had retired to consider their verdict, the exception before us was taken in the following manner. "Mr. McElroy: The defendant, Mastriacchio, excepts to that part of the Court's Charge in which the Court charged the jury that they must find both defendants guilty, or both defendants not guilty. That is for Romano also. The Court: Both defendants take the same exception? Mr. Troy: Yes, Your Honor. The Court: All right, exceptions may be noted." No question is raised by the state as to the form or scope of the exception under consideration. It concedes its validity for the purpose of raising the fundamental question which each of these defendants presses for determination.

The defendants contend that although the indictment is joint in form nevertheless in law it is both joint and several, and that under such an indictment the trial justice committed prejudicial error in omitting to instruct the jury that they might convict one defendant and acquit the other. The state frankly admits that, except in certain offenses with which we are not here concerned, a joint indictment against two defendants is also an indictment against each of them severally. See *State* v. *O'Brien,* 18 R. I. 105, 110; *State* v. *Brown,* 45 R. I. 9, 13. In view of this admission we need not further consider the nature of the indictment.

The state, however, contends that there was no error in the charge under consideration because the evidence against each defendant was the same; in other words, that there was no evidence upon which to base instructions that the jury

could convict one defendant and acquit the other; they were either both guilty or both were not guilty. In support of this contention it cites a number of cases, among which are *People* v. *Cleaver,* 365 Ill. 93; *People* v. *Shorr,* 227 Mich. 243; and *Duroff* v. *Commonwealth,* 192 Ky. 31.

In the *Cleaver* case, at page 98, the court says: "The charges and the evidence against each defendant were identical and the defense interposed by each defendant was exactly the same. There was no imaginable basis for a verdict against one defendant and for the other defendant." In the *Shorr* case, at page 250, the court expresses itself as follows: "The offense charged and testimony were the same as to each of the defendants. . . . Neither took the stand or offered any testimony. . . . Under the testimony and circumstances of this case we do not find this reversible error." In the *Duroff* case, at page 36, the court says: "But a court is never required to nor should it give an instruction which finds no support in the evidence. There is not a word of evidence which would tend in the slightest degree to prove or even indicate that one of appellants was less guilty than the other, if either was guilty. Both were guilty under the evidence or neither was guilty. The jury could not upon reason have found one guilty and the other not guilty. Such a verdict could have resulted only from caprice."

We find no reason to disagree with these and other cases to the same effect. The difficulty now confronting the state is that those cases are clearly distinguishable from the case at bar. The evidence here, as distinguished from that in the cases upon which the state relies, was not the same as to each of the defendants; nor was the defense interposed by them exactly the same; nor did either of them fail to take the stand.

The state tried this case on the theory that Mastriacchio is the one who actually committed the rape and that Romano knowingly and purposely assisted him in its commission. The defendants interpose different defenses. Mastriacchio admits the sexual act but contends that he committed

it with the consent of the complaining witness. Romano, on the other hand, insists that, even if Mastriacchio did commit rape, he took no part whatever in that offense, either by threats or by actively assisting Mastriacchio in accomplishing his purpose. The evidence therefore raised various and different issues of fact which were clearly for the jury to consider and their determination of such issues could reasonably result in different verdicts.

It is the duty of a trial justice to instruct the jury as to the law governing all issues of fact which they are called upon to decide. G. L. 1938, chap. 496, §20. See *State* v. *Quigley,* 26 R. I. 263. In the instant case the trial justice failed to fully discharge this duty as required by law. The charge as given clearly invaded the province of the jury when the trial justice expressly instructed them at the beginning and at the end of the charge that they "must" find both defendants guilty or both not guilty. This mandatory instruction, which was not corrected in the slightest degree in the rest of the charge, is so obviously incomplete in meeting the issues raised by the evidence in this case as to furnish each of these defendants with just cause for complaint.

That such a charge constitutes prejudicial error is supported by the great weight of authority. The following cases are only a few of the many that we have examined on this point, all holding that in circumstances similar to those in the instant case the failure to instruct the jury that they could convict one defendant and acquit the other compelled the granting of a new trial: *State* v. *Lambert,* 318 Mo. 705; *Sizemore* v. *Commonwealth,* 195 Ky. 621; *People* v. *Decker,* 310 Ill. 234; *Jones* v. *State,* 136 Tex. Cr. 337; *Abrams* v. *State,* 121 Ga. 170; *State* v. *Heffelfinger,* 212 Ia. 1041; *State* v. *Wade,* 95 S. C. 387; *Land* v. *State,* 28 Okla. Cr. 172.

We recall here that these two defendants were on trial on a joint and *several* indictment for rape and not on one where the two defendants were charged with a conspiracy to commit rape. In this situation, there is nothing in the charge under consideration that would warrant application of the

well-established rule that there is no error if, when the charge is read as a whole, it adequately and correctly covers the essential issues raised by the evidence. The instructions which were omitted, and to the omission of which timely objection was made by each defendant, cannot be supplied by recourse to other parts of the charge, as there is no expression therein which even remotely instructed the jury in language understandable by an ordinary person that they could return a separate and different verdict as to each defendant. Quite to the contrary, the jury were instructed that they *must* convict or acquit both defendants, an instruction which unduly restricted the jury in their consideration of the evidence and thus in effect denied to each defendant a trial according to law.

The language of the charge in this case is such that we cannot do what the court did in *Coggeshall* v. *State,* 161 Ga. 259, and in *People* v. *Flynn,* 96 Mich. 276, where the charge in each instance was challenged on the same ground. The opinion in the *Coggeshall* case, at page 268, says: "The court in its general charge instructed the jury to consider the evidence as to each of the defendants *separately,* and the record shows that the jury did return *separate verdicts* as to the plaintiff in error here, and the other defendant, McClellan." In the case at bar there is no similar or equivalent instruction in the general charge and the jury did not return separate verdicts.

In the *Flynn* case, which closely resembles this case in its facts, the pertinent parts of the charge of interest to us are quoted at length in the paragraph beginning in the middle of page 282 of the opinion. In view of that language, we feel that the court was fully warranted in summarily overruling defendant's exceptions, by merely saying, at page 283: "Several exceptions were taken to the foregoing quotations from the charge, but, taken together, these instructions state the law applicable to the case correctly."

The state finally contends that, even if there was error in the charge, the error was not prejudicial to either defendant.

Under this contention it argues that the jury were clearly instructed that if they found that "each defendant" committed the acts claimed by the state, they were both guilty, but if the jury failed to find that "each defendant" committed such acts they were both not guilty; in other words, that if both defendants were guilty, the jury must convict them, but if one of them was innocent, the jury must acquit them both; and that therefore "Each defendant in the instant case had a double chance at acquittal. If he himself were not guilty he had to be acquitted, and even if he were guilty, but his co-defendant were not guilty, he still had to be acquitted."

This argument is of no assistance to the state in the circumstances of this case because, in our opinion, the charge was inherently prejudicial in that, as we have already stated, it deprived each defendant of the fundamental right to have his guilt or innocence separately determined by the jury in accordance with the evidence and the law. But, if such argument were to be considered, it is without merit for the following reasons: First, the quoted words "each defendant", which the state assumes as appearing in the charge, are there conspicuous by their absence. Throughout the charge the guilt or innocence of one defendant is inextricably bound with that of the other. Second, the elements of chance, conjecture and speculation are made the criteria by which an appellate court would determine whether a charge was sufficiently adequate or was prejudicially erroneous. And, third, considering that the jury are human and that the ability to recollect and apply what is orally stated varies in different persons, the state's argument ignores the fact that the haze of protracted testimony, especially if it be revolting in character, could conceivably enmesh as a guilty party a defendant whose connection with the offense under investigation would be consistent with innocence or raise a reasonable doubt as to his guilt, if his alleged participation were separately considered.

The exception of each defendant is sustained and the case is remitted to the superior court for a new trial.

CONDON, J., dissenting. Pretermitting the question of error in the charge, I am of the opinion that if there was error it was not prejudicial to either of these defendants. On the contrary it was, if anything, more favorable to them than it would have been if the trial justice had specifically charged the jury that they could find one of them guilty and the other not guilty.

It would have been clearly prejudicial if the jury had been told that if they found one guilty they would be bound to· find the other guilty. But they were charged precisely the opposite. In substance they were told that they would be bound to return a verdict of not guilty as to both unless they could find each defendant guilty. In other words, the failure of the state to prove one guilty, although it had proved the other guilty, must nevertheless result in the acquittal of both.

Whatever the error may be in such a charge it is difficult to see how it could have prejudiced either of these defendants. It would seem that the prejudice was against the state and not the defendants. Under the charge as given the state ran a great hazard. No matter how strong its case might be against one, if its case against the other was not sufficiently strong, the guilty one would escape the vengeance of the law.

But could it be that, under the charge, the jury might be influenced to prevent such a miscarriage of justice and return a verdict of guilty as to both defendants even though they felt that one was not guilty? Not unless they flagrantly disregarded the specific instructions which they had received in other portions of the charge and were determined to do injustice to an innocent defendant in order that the guilty one might not escape. Did the members of this jury thus violate their oaths? We are bound to assume that they did not. We must not indulge in any surmise or speculation that this might have been their approach to the discharge of their sworn duty.

To my mind it is unthinkable that this jury failed to obey the specific instructions which they received, not once but several times during the course of the charge, to the effect that it was the duty of the state to prove each defendant guilty beyond a reasonable doubt and that unless both were proved guilty they should acquit both. There is nothing in the evidence bearing on the probable guilt of each of these defendants that would lead me to think otherwise. Furthermore, a careful reading of the charge has convinced me that every right of the defendants was clearly and definitely stated to the jury, and that they were as clearly told how to apply those rights to the evidence so that the defendants would receive the full benefit of their protection. As it turned out they may have received more than they were entitled to, but certainly not less.

I think that the verdict should stand.

*John H. Nolan,* Attorney General, *Raymond F. Henderson,* Asst. Atty. Gen., for State.

*Michael Addeo, Edward F. McElroy,* for defendant Mastriacchio.

*William G. Troy,* for defendant Frank Romano.