## PRESTON v. UNITED STATES.
### No. 6451.

United States Court of Appeals for the District of Columbia.

Argued Oct. 10, 1935.

Decided Nov. 11, 1935.

J. Y. E. Allen, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and Roger Robb, Asst. U. S. Atty., both of Washington, D. C.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

Appellant was convicted of murder. On appeal to this court he makes two assignments of error. First, that the court erred in admitting in evidence a written confession made by him to the police; and, second, that the court erred in refusing to admit in evidence the police court record of the deceased.

We think that neither assignment can be sustained.

The grounds alleged to support the first are that the evidence shows that appellant "could scarcely read and write," and that the confession was read over to him by one of the officers and he signed his name to it without himself reading or properly understanding it. In the argument here counsel stated as another ground that at the time the statement was taken the police were in a hurry to attend the inquest called for noon of that day, and that a fair inference is that they were careless in taking down appellant's answers to the questions asked him, and that the answers were not correctly transcribed. There is, however, no charge that appel-

lant made the statement in consequence of inducements of a temporal nature, held out by the police, or because of a threat or promise by or in the presence of the police, which, operating upon his fears or hopes, deprived him of that freedom of will or self-control essential to make his confession voluntary within the meaning of the law. Wilson v. United States, 162 U.S. 613, at page 622, 16 S.Ct. 895, 40 L. Ed. 1090. Nor does appellant claim that the confession was made under excitement or at a time when he was not fully conscious of his act. In short, there is nothing even tending to show that the confession was not made freely, voluntarily, and without compulsion or inducement of any sort. It was made two days after the killing, and the officers who obtained it testified, without contradiction, that before it was taken appellant was advised that he was not required to make a statement, but, if he made one, it would be used in his trial against him. In these circumstances it is perfectly clear that the confession was the voluntary act of accused wholly free from extraneous influences of any character, and in the circumstances narrated it is equally clear the objection went not to the admissibility of the confession, but alone to its weight; and that question was solely for the jury.

The second assignment grew out of the offer of the accused, rejected by the trial court, to prove the police record of deceased. The government objected on the ground that the record showed no convictions, and also that there was no testimony that accused knew of the record or was in any way influenced by it. The paper-record offered is not before us, but in the absence of anything to the contrary we think we are obliged to assume that it failed to show that the deceased had ever been *convicted* of any crime; and if this be true, obviously the record of *arrests* alone was clearly inadmissible. True enough, in support of appellant's plea of self-defense and as showing a reasonable apprehension on his part that deceased was about to do him serious bodily harm, evidence of deceased's violent or dangerous character might have been given, and likewise also evidence that he habitually carried firearms or other deadly weapons, but the rule has never been held to embrace proof of general character or even proof of crimes—except crimes of violence.

In the present instance, all that we know is that the police record of deceased failed to show that arrest, for whatever cause, ever resulted in a conviction, and so, as we think, its rejection was entirely proper. Appellant, as a witness in his own behalf, testified he had known deceased six years, but he did not say that he regarded him as quarrelsome or dangerous, or bloodthirsty, or that there was anything in his previous career to make him apprehensive that he was likely to do him harm or injury. Other witnesses who knew deceased also testified, but no effort was made to prove through them his general reputation for violence. The assignment is, therefore, without merit.

It was argued at the bar of this court that the trial court should have instructed the jury that they might find a verdict of manslaughter. But as there is nothing in the record to show that the court was asked so to charge, and as the charge as given is not before us, we are unable to notice this ground, except to say that even if an exception had been reserved we should be obliged to hold that it was wholly without merit.

A careful reading of the record convinces us that appellant had a fair trial, and the evidence, as we think, fully sustains the verdict of the jury. The shooting occurred on the morning of February 2, 1935. Appellant and his victim had had an altercation at the home of one Clifton Dillard in the Negro section of Washington. Appellant' had then gone to his home a short distance away and, when a little later he saw the deceased coming down the street, he went to his room on the second floor of his house, got his pistol, walked out into the street and accosted deceased and demanded that he pay him a dollar and a half which he owed him. The evidence given by those who witnessed the shooting is that appellant knocked deceased down and, while he lay on the ground, shot him several times, declaring as he fired into his prostrate body, "I will kill you and send you to hell." It is true appellant, as a witness, described the incident differently, declaring that deceased began the street altercation by abusing him and attempting to impede his progress and at the same time "easing his hand out of his pocket"; and that it was this act and his apprehension of bodily harm that induced him to fire the fatal shots. But this conflict was for the jury

and, they having determined the guilt of appellant, this is certainly not a case in which we can properly interfere. The judgment of the lower court is therefore affirmed.

Affirmed.