**John Maurice KING, Appellant,**

v.

**UNITED STATES, Appellee.**

· No. 2889.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 3, 1962.

Decided Feb. 21, 1962.

Rehearing Denied April 2, 1962.

John A. Shorter, Jr., Washington, D. C., for appellant.

David C. Acheson, U. S. Atty., Charles T. Duncan, Harold Sullivan and Nathan J. Paulson, Asst. U. S. Attys., Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges; and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Appellant was convicted of simple assault upon the complaining witness, David Starks. Code 1961, § 22–504. Disagreement between the two men, employees of the District Highway Department, arose over the proper method of filling "potholes" in the city streets. Starks, the "gang-leader" and second in charge of the work crew, testified that he was raking a patch of asphalt in the roadway when appellant unexpectedly approached him from behind and without provocation, slashed his face with some kind of sharp instrument.[1]

1. A cursory search of the adjacent area did not uncover the alleged weapon.

According to appellant's version, Starks attacked him with a rake, and in the ensuing struggle Starks was injured. In support of his plea of self-defense, appellant testified that Starks had a reputation for violence and troublemaking among the work crew. The trial court disallowed testimony by appellant that he "had heard" of Starks's involvement in two other fights with fellow workers. Two of his co-workers affirmed that Starks had a bad reputation for violence and troublemaking but they were also prohibited from relating specific examples about which they had heard. In all three instances, the testimony was rejected on the basis of hearsay, the trial judge conceding that testimony of specific acts of such misconduct is admissible under these circumstances if "properly proved."

■ In a criminal proceeding for assault or homicide there is no dispute in this jurisdiction that the accused may show prior acts of violence by the alleged victim to support a claim of self-defense.[2] That matter being uncontested here, our only question is the manner and nature of proof allowable for this purpose: whether a witness may testify about such specific acts communicated to, but not personally observed by, him.

Knowledge of a history of belligerency on the part of a complainant is important in this regard because it indicates that the accused, aware of this background of aggression, reacted out of a reasonable apprehension for his own health and safety.[3] If this reason has at times received special emphasis by the courts, it may in some measure be due to the hearsay objection presently urged. In this respect accounts of violence told to the witness and repeated by him on the stand serve to establish the reasonableness of the accused's mental judgments and physical responses at the time of the encounter. Inasmuch as this testimony is not asserted as proof that the complainant did in fact commit those prior acts nor as circumstantial evidence that the complainant perpetrated the attack under inquiry, it is not hearsay at all. Rather, it tends to support the contention that the accused acted from an honest and reasonable apprehension of imminent bodily harm because of the information imparted to him about the complainant.

We believe the applicable cases from our United States Court of Appeals sanction this view.[4] It was error therefore to exclude the disputed testimony simply because the parties did not personally witness the alleged prior acts of violence by Starks. So long as specific acts may be cited, second-hand information should be allowed, in the same manner as reputation evidence.

Reversed with instructions to grant a new trial.

2. Preston v. United States, 65 App.D.C. 110, 80 F.2d 702 (1935); Marshall v. United States, 45 App.D.C. 373 (1916).

3. See Annotation at 121 A.L.R. 380, 390; 1 Wharton's Criminal Evidence § 228.

4. Preston v. United States, 65 App.D.C. 110, 80 F.2d 702 (1935); Marshall v. United States, 45 App.D.C. 373 (1916).