# Commonwealth *v.* Ferko, Appellant.

*Criminal law—Murder—Charge—Failure to instruct as to degree—Act of March 31, 1860, P. L. 402.*

A judge, in a murder trial, commits reversible error, where he states to the jury that the charge against the prisoner is murder of the first degree, and then repeatedly tells them that, if the homicide was committed in perpetrating or attempting to perpetrate a

robbery, the prisoner was guilty of murder of the first degree, without any intimation that the Act of March 31, 1860, P. L. 402, expressly imposes upon the jury the duty of fixing the degree of guilt, no matter what was charged or proved by the Commonwealth.

Argued October 11, 1920. Appeal, No. 123, Oct. T., 1920, by defendant, from judgment of O. & T. Allegheny Co., Nov. T., 1918, No. 13, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Steve Ferko. Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ. Reversed.

Indictment for murder. Before Macfarlane, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* inter alia, were (3-7) portions of charge quoted in opinion of Supreme Court, quoting record.

*Harry J. Thomas,* for appellant.—As the jury had not been instructed as to their statutory rights to ascertain the degree of guilt, the jury was not able to render a verdict in accordance with the law; in other words, the jury fell into error: Com. v. Deitrick, 221 Pa. 7; Com. v. Fisher, 221 Pa. 538; Lane v. Com., 59 Pa. 371; Com. v. Frucci, 216 Pa. 84; Com. v. Chapler, 228 Pa. 630; Com. v. Fellows, 212 Pa. 297; Com. v. Gerade, 145 Pa. 289.

*Harry A. Estep,* Assistant District Attorney, with him *Harry H. Rowand,* District Attorney, for appellee, cited: Com. v. Sheets, 197 Pa. 69; Com. v. Fellows, 212 Pa. 297; Shaffner v. Com., 72 Pa. 60; McMeen v. Com., 114 Pa. 300.

OPINION BY MR. CHIEF JUSTICE BROWN, December 31, 1920:

A jury found the appellant guilty of murder of the first degree, and, on this appeal from the judgment which followed, his complaints are: (1) of the instructions to the jury, which he alleges amounted to a peremptory direction to render a verdict of guilty of murder of the first degree or an acquittal; and (2) of the refusal of a new trial on the ground of after-discovered evidence.

It is said that at the threshold of his charge the trial judge charged: "When you were empaneled and after you had each taken your oath as to your duties, you were instructed that you should say by your verdict of what the defendant was guilty, or whether he was not guilty; whether he was guilty of murder in the first degree, murder of the second degree, or voluntary manslaughter or not guilty." If this instruction was given to the jury, we are unable to discover from the record when or by whom it was given. The trial judge merely refers to it without adopting it as part of his charge, for in his instructions to the jury he unmistakably took from them the determination of the degree of the guilt of the accused. There is not a word in the charge telling them that if, after duly considering all the testimony in the case, they found the prisoner guilty of felonious homicide, they should fix the degree of his guilt. On the contrary, they must have understood the court's instructions to mean that, if they convicted, they must convict of murder of the first degree. We proceed to quote all that was said to them as to their duty, if they should find the prisoner guilty: "The charge here is that, in the course of a robbery, being committed or about to be committed by the defendant, he shot and killed Rachel Bress; and the statute as applied to that charge is that 'all murder which shall be committed in the perpetration of, or attempt to perpetrate any robbery, shall be deemed murder of the first degree.' So your knowledge, which you all have of the ordinary murder

trial or the ordinary principles applying to murder where there is a killing in something else aside from the commission of the crime of arson, rape, robbery or burglary, is not to be applied here; but you are to take the law as I have given it to you and as I will give it to you further, that if this was a murder committed in the commission or the attempt to commit a robbery, or burglary, it is murder of the first degree......That brings me down to the question of what crime, if any, the defendant is guilty of. If you have the reasonable doubt I have defined to you as to his guilt, it is your duty to acquit him. If, however, you have not a reasonable doubt and do find beyond a reasonable doubt that he was present in the store of Max Bress, engaged in an attempt to rob or robbing, and that while there he fired his revolver and that the shots killed Rachel Bress, then he is guilty of murder of the first degree......And an inadvertent killing, and unintentional killing, in the commission of a robbery is murder and is murder of the first degree. The statute of Pennsylvania makes it so: 'All murder committed in the perpetration of or attempt to perpetrate a robbery.' And it is murder when a man in committing such a felony as robbery causes the death of any one, whether intentional or not......You see the situation as it is made by the law, for which you and I are not responsible; so that when one is guilty of causing the death of another, whether intentionally or not, when the one who causes that death is engaged in the commission of the felony of robbery, it is murder, and murder in the first degree......It is always a serious matter when a man has so serious a charge made against him as this. It is particularly serious when the charge is that the offense is one which, under the law, is murder of the first degree."

The repeated instruction to the jury that if the prisoner killed the deceased in the perpetration of a robbery, or in attempt to perpetrate it, he was guilty of murder of the first degree, was abstractly correct, for the statute

so declares; but it goes farther than so declaring, for immediately after its definition of what shall constitute murder of the first degree, these words follow: "And the jury before whom any person so indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in the verdict whether it is murder of the first degree or second degree." It was as vitally important to the prisoner that this should have been made known to the jury as it was to have murder of the first degree defined to them; but the learned trial judge, while reading to them the statutory definition of that crime, stopped short when he came to the mandatory words requiring the jury in the trial of every homicide case, without regard to the charges as laid in the indictment, or as made out by the proofs, to fix the decree of the offense, if they convict the accused. The jury in the case before us were not so instructed, and the only possible conclusion to be drawn from the instructions complained of by the third, fourth, fifth, sixth and seventh assignments are that they must have understood the judge as taking from them the determination of the degree of the crime. The written law is that the degree was for their determination, and it was the duty of the trial judge in this as in every capital case, with a life at stake before him, to so instruct them, whether requested to do so or not: PAXSON, J., in Meyers v. Com., 83 Pa. 131.

The jury were first told that the charge against the prisoner was murder of the first degree, and then were repeatedly told that, if the homicide was committed in perpetrating, or attempting to perpetrate, a robbery, the prisoner was guilty of murder of the first degree, without even an intimation to them that the statute expressly imposed upon them the duty of fixing the degree of guilt, no matter what was charged or proved by the Commonwealth. They had the undoubted power to fix a lower degree to the crime than the statute itself provides, and if they had done so, the court could not have

refused to accept their verdict. But no alternative as to the degree was even suggested in the charge, and the verdict must, therefore, be set aside: Rhodes v. Com., 48 Pa. 396; Lane v. Com., 59 Pa. 371; Com. v. Fellows, 212 Pa. 297; Com. v. Chapler, 228 Pa. 630. In Com. v. Frucci, 216 Pa. 84, the instructions to the jury were: "You will have to do in this case with the kind of murder stated in the statute as wilful, deliberate and premeditated murder." This was held to be error, even though in other portions of the charge the court defined the different degrees of murder and instructed the jury that it was their duty to fix the degree of the prisoner's crime. In reversing, we said: "It is not for a court, in any portion of its charge, to say unqualifiedly that the crime of the prisoner is murder of the first degree. It can do so only when the duty is imposed upon it of fixing the degree under a plea of guilty. When the question of guilt goes to the jury, the question of the degree goes with it, and the degree is exclusively for them under proper instructions, in which the court may express its own views as to the effect of the evidence, if in such expression there is no interference with the exclusive right and duty of the jury to pass upon the degree of the guilt."

Shaffner v. Com., 72 Pa. 60; McMeen v. Com., 114 Pa. 300, and Com. v. Sheets, 197 Pa. 69, are cited by counsel for the Commonwealth as authorities in support of the correctness of the trial judge's instructions, but they are not to be so regarded, for in each of the three cases, though there was an expression from the court as to what it thought the degree ought to be, in view of the statutory definition of murder of the first degree, the jury were distinctly instructed that it was for them to determine the degree of guilt.

As the judgment must be reversed and a new trial awarded for the reason stated, it is unnecessary to consider the second assignment of error. The judgment is reversed and a venire facias de novo awarded.