## ALDRIDGE v. UNITED STATES.
### No. 5527.

Court of Appeals of District of Columbia.
Argued Feb. 2, 1932.

Decided March 28, 1932.

James F. Reilly, of Washington, D. C., for appellant.

Leo A. Rover and Walter M. Shea, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

This case was here on a former appeal wherein the facts upon which a verdict of murder in the first degree was returned by the jury are fully set forth. 60 App. D. C. 45, 47 F.(2d) 407.

In this appeal exception is taken to the refusal of the court to grant an instruction to the effect that if the jury from the testimony find that there is a possibility of defendant's innocence this would be sufficient ground for reasonable doubt. Defendant requested, and the court granted, the following instruction: "You are instructed as a matter of law that the burden of proof is always upon the prosecution. It is not sufficient to establish a probability, though a strong one, arising from the doctrine of chance, that the fact which is more likely to be true than the contrary, but the evidence must establish the truth of the fact beyond a reasonable doubt."

In this instruction the somewhat fictitious rule of probability, requested in the prayer that was denied, is resolved to a question of reasonable doubt where it properly belongs. The court not only in the prayer quoted, but in the general charge, correctly instructed the jury on the subject of reasonable doubt, which disposes of this exception.

Exception is taken to the failure of the court to instruct the jury on the degree of manslaughter. There was no evidence in this case which would even tend to reduce the crime to the grade of manslaughter. Where there is a total lack of such evidence, the court will not be justified in submitting to the jury the issue of manslaughter. Wallace v. United States, 162 U. S. 476, 16 S. Ct. 859, 40 L. Ed. 1039; Sparf v. United States, 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343; Andersen v. United States, 170 U. S. 481, 18 S. Ct. 689, 42 L. Ed. 1116.

It is unnecessary to consider the other assignment charging improper argument to the jury by counsel for the government, since an examination of the record discloses that it is entirely without merit.

The judgment is affirmed.