## KINARD v. UNITED STATES.
### No. 6969.

United States Court of Appeals for the District of Columbia.

Decided March 7, 1938.

523

Juan R. Quijano and Eugenio M. Fonbuena, both of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and Roger Robb, Asst. U. S. Atty., both of Washington, D. C.

Before GRONER, Chief Justice, and STEPHENS, and MILLER, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted of murder in the first degree under an indictment charging him with the killing of his wife.

In his first two assignments of error appellant challenges the failure of the trial court to instruct the jury upon "the law of good character" and the possible effect of evidence of good character, together with other evidence, in raising a reasonable doubt of guilt. Neither assignment was well taken. There is no question that evidence of good character under particular circumstances may be sufficient to create a reasonable doubt of guilt. Jones v. United States, 53 App.D.C. 138, 289 F. 536; Edgington v. United States, 164 U.S. 361, 366, 17 S.Ct. 72, 41 L.Ed. 467; Egan v. United States, 52 App.D.C. 384, 287 F. 958. Nor is there any question that, when the facts warrant, the refusal of the court to give a proper instruction upon the point, when requested to do so, may be error, especially where the circumstances of the case are such that the reputation of the defendant may become, in the estimation of the jury, the turning point in the case. Jones v. United States, supra.

In the present case, however, no request was made for an instruction upon this subject, and no exception was taken to the court's failure to charge on the point. The question, therefore, is whether the trial court erred in failing so to charge on its own motion. The answer is not found in the cases cited by appellant. In Edgington v. United States, supra, an instruction was given and exception taken. The question there decided was whether it was a correct exposition of the law. In Jones v. United States, supra, an instruction in proper form was requested and refused. The same situation existed in Egan v. United States, supra.

■■■ As to some essential questions of law, it is the duty of the trial court to instruct the jury, whether requested to do so or not. As to other questions there is no such duty, and failure to instruct—in the absence of a request therefor—does not constitute error. The rule applicable to the present case was well stated in Kreiner v. United States, 2 Cir., 11 F.2d 722, 731, certiorari denied 271 U.S. 688, 46 S.Ct. 639, 70 L.Ed. 1152:

"In a criminal case a court should instruct on all essential questions of law involved in the case, whether requested or not. People v. Odell, 230 N.Y. 481, 130 N.E. 619; Commonwealth v. Ferko, 269 Pa. 39, 112 A. 38; Pearson v. State, 143 Tenn. 385, 226 S.W. 538; Duroff v. Commonwealth, 192 Ky. 31, 232 S.W. 47; State v. Lackey, 230 Mo. 707, 132 S.W. 602. Counsel had no right, however, to assume that the court, in the absence of a request, would instruct upon the evidence concerning the character of the defendant; for, while there are some subjects upon which counsel may assume that the court will instruct without request, character evidence is not one of them. People v. Luce, 210 Mich. 621, 178 N.W. 54; State v. Poder, 154 Iowa 686, 135 N.W. 421; Brantley v. State, 154 Ga. 80, 113 S.E. 200; State v. Peterson, 38 Kan. 204, 16 P. 263; State v. McNamara, 100 Mo. 100, 13 S.W. 938; Branson's Instructions to Juries (2d Ed.) § 126, p. 205."[1]

It is further assigned as error that the trial court, in its charge, instructed the jury concerning manslaughter as follows:

"This indictment which charges the defendant with murder in the first degree carries the charge of what we call the included offenses. The included offenses of murder in the first degree are murder in the second degree and manslaughter. But you are told that in the judgment of the Court the facts as revealed in the evidence in this case are not of such a nature and character as to sustain a verdict of manslaughter, and therefore you are instructed that your verdict, which will come at the end of the case, will be either guilty of murder in the first degree, or guilty of murder in the second degree, or not guilty."

The appellant testified that on the evening of November 6, 1936, the day of the homicide, he met the deceased at her place of employment and escorted her home; that she was in an angry frame of mind and started an argument during which she threatened to kill him; that when they reached home she shoved him in the door; and that she continued to argue with him and shoved him "back of the head." Finally he told her he was going to bed, to which she replied, "Well, there is no need to go, because I am going to get you." He then continued his testimony as follows:

"Well then I went on upstairs, and she went on back to the sink and got the knife, come on up the steps, and after I got upstairs I heard her coming up, and I got the gun, I did, and I got behind the door upstairs. She came on upstairs with the knife in her hand behind her, and she looked underneath the bed, and she didn't find me under there. She didn't see me there. She come on back to the door that I was standing behind, and I come out from behind the door, and she made a pass at me and I ducked and went downstairs. She said 'Dam this gun. I am not afraid of it, and you will find out before its done.'

"I went on downstairs, I did, and got behind the dining room door that leads into the kitchen. She come downstairs and looked in the front room for me and come on back through the door that I was behind, and she looked underneath the table in the kitchen and behind the

[1] See, also, Humes v. United States, 170 U.S. 210, 18 S.Ct. 602, 42 L.Ed. 1011; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229; Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343; Harris v. United States, 59 App.D.C. 353, 41 F.2d 976; Carroll v. United States, 8 Cir., 39 F.2d 414; Stassi v. United States, 8 Cir., 50 F.2d 526; Hermansky v. United States, 8 Cir., 7 F.2d 458.

stove, and she didn't find me there, and she came on back out, and I thought maybe that she had done forgot about it and was sitting down somewhere and had forgotten about it."

"I came on out from behind the door to go back upstairs, and she was standing in the door that I came from behind, and there is where the shooting took place."

█ It is true that defendant's testimony was sharply contradicted. It is arguable that the evidence was overwhelmingly indicative of murder rather than manslaughter. But that is beside the point so far as concerns the propriety of the instruction given. It was not the duty of the trial court to weigh the evidence and determine whether the defendant was guilty of murder or manslaughter, but merely to determine the preliminary question of law—whether there was such a complete absence of evidence upon the issue of manslaughter as to require that it be taken from the consideration of the jury. The applicable rule has been stated by the Supreme Court in Stevenson v. United States, 162 U.S. 313, 323, 16 S.Ct. 839, 843, 40 L.Ed. 980, as follows:

"A judge may be entirely satisfied from the whole evidence in the case that the person doing the killing was actuated by malice; that he was not in any such passion as to lower the grade of the crime from murder to manslaughter by reason of any absence of malice; and yet if there be *any evidence fairly tending to bear upon* the issue of manslaughter, it is the province of the jury to determine from all the evidence what the condition of mind was, and to say whether the crime was murder or manslaughter." (Italics supplied.)

In the same case, · 162 U.S. 313, at page 314, 16 S.Ct. 839, 40 L.Ed. 980, the court stated the rule again, in the following language:

"The evidence as to manslaughter need not be uncontradicted or in any way conclusive upon the question. So long as there is *some evidence* upon the subject, the proper weight to be given it is for the jury to determine. If there were *any evidence* which tended to show such a state of facts as might bring the crime within the grade of manslaughter, it then became a proper question

for the jury to say whether the evidence were true and whether it showed that the crime was manslaughter instead of murder." (Italics supplied.)

█ The only situation, then, in which an instruction taking the issue of manslaughter from the jury is proper, is one in which, as ruled in the Stevenson Case, there is no "evidence relevant to the issue of manslaughter" or no "evidence fairly tending to bear upon the issue of manslaughter." Properly read, Preston v. United States, 65 App.D.C. 110, 80 F.2d 702, relied upon by the Government, is not inconsistent with the foregoing statement of the law. In that case there was no evidence "relevant to the issue of manslaughter" or "fairly tending to bear upon" that issue. The same is true of Marcus v. United States, 66 App.D.C. 298, 86 F.2d 854. There the evidence showed that the accused was, at the moment of the homicide, armed with a gun and engaged in the perpetration of a robbery. Under such circumstances the law implies malice and, consequently, eliminates any possibility of manslaughter. We said in that case that:

"Under these circumstances the law presumes that Cummings, while attempting to perpetrate a robbery, foresaw and intended whatever consequences might naturally result from such an encounter. The law, not as a matter of fact, but as a conclusion of legal reasoning and experience, considers this state of mind to be implied malice. Consequently, the homicide would not be manslaughter, which is, as aforesaid, an unlawful killing without malice either express or implied, but would be murder either in the first or second degree as would be found by a consideration of all the evidence in the case." 66 App.D.C. 298, at page 305, 86 F.2d 854, at page 861.[2]

The fact that in the present case there was other evidence highly persuasive of guilt of murder does not affect the applicability of the rule stated. As the court said in Stevenson v. United States, supra, 162 U.S. 313, at page 315, 16 S.Ct. 839, 40 L.Ed. 980: "The evidence might appear to the court to be simply overwhelming to show that the killing was in fact murder, and not manslaughter or an act per-

[2] See, also, Sparf and Hansen v. United States, 156 U.S. 51, 103, 15 S.Ct. 273, 39 L.Ed. 343; Andersen v. United States, 170 U.S. 481, 18 S.Ct. 689, 42 L.Ed. 1116; Aldridge v. United States, 61 App. D.C. 103, 57 F.2d 942; Bell v. United States, 60 App.D.C. 76, 47 F.2d 438, 74 A.L.R. 1098.

formed in self-defense, and yet, so long as there was some evidence relevant to the issue of manslaughter, the credibility and force of such evidence must be for the jury, and cannot be matter of law for the decision of the court."[3]

The Government contends, in support of the instruction given by the trial court, that the facts in the present case are susceptible of but two possible interpretations: One, that the appellant was not guilty because he acted in self-defense; the other, that he was guilty of murder in the first or second degree, hence, that a killing upon provocation in a heat of passion is necessarily inconsistent with the facts. Although such a conclusion properly follows where a defendant urges, in the alternative, killing upon provocation in a heat of passion and accidental killing (Bell v. United States, supra), it does not follow where he urges, in the alternative, killing upon provocation in a heat of passion and self-defense. The two, in the latter alternative, are not mutually exclusive and inconsistent. Stevenson v. United States, supra, 162 U.S. 313, at page 322, 16 S.Ct. 839, 40 L.Ed. 980. Provocation sufficient to produce a heat of passion and a resulting absence of malice may give such character to a homicide as to make it manslaughter; the same provocation may, under slightly varied circumstances, justify a person in killing in self-defense. Wallace v. United States, 162 U.S. 466, 16 S.Ct. 859, 40 L.Ed. 1039. Heat of passion may be produced by fear as well as by rage (Stevenson v. United States, supra, 162 S.Ct. 313, at page 320, 16 S.Ct. 839, 40 L.Ed. 980) and, if the provocation therefor is adequate (Jackson v. United States, 48 App.D.C. 272), the resulting killing may be manslaughter. The essence of the self-defense situation is a reasonable and bona fide belief of the imminence of death or great bodily harm. Brown v. United States, 256 U.S. 335, 343, 41 S.Ct. 501, 502, 65 L.Ed. 961, 18 A.L.R. 1276. Heat of passion may or may not be present. It is the function of the jury, under proper instructions, to determine whether either defense is available to the accused under the circumstances of the particular case.[4]

We are satisfied that there was some evidence in the present case tending to show that the killing occurred while appellant was in a heat of passion provoked by the actions of his wife, the deceased; and, consequently, that the trial court, in giving the portion of the charge complained of, invaded the province of the jury. Although no exception was taken by appellant to the charge when it was given, it is our duty, nevertheless, as an appellate court, to correct any error prejudicial to him, especially in a capital case, or other case where the crime charged is of serious character. Patten v. United States, 42 App.D.C. 239, 247; Wiborg v. United States, 163 U.S. 632, 658, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; Meadows v. United States, 65 App.D.C. 275, 82 F.2d 881. See, also, Crawford v. United States, 212 U.S. 183, 194, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392. It is the imperative duty of the court to see that a defendant has a fair trial "no matter how severe may be the condemnation which is due to the conduct of a party charged with a criminal offense, * * * Only in the exact administration of the law will justice in the long run be done, and the confidence of the public in such administration be maintained." Clyatt v. United States, 197 U.S. 207, 222, 25 S.Ct. 429, 433, 49 L.Ed. 726. It is necessary, therefore, that the judgment be reversed; and, consequently, we need not consider the other assignments of error.

Reversed and remanded for new trial.

---

[3] This rule has been followed by the state courts. See People v. Colantone, 243 N.Y. 134, 152 N.E. 700; Lewis v. State, 89 Tex.Cr.R. 345, 231 S.W. 113; Mason v. Commonwealth, 209 Ky. 157, 272 S.W. 397.

[4] See State v. Kidd, 24 N.M. 572, 175 P. 772; Tucker v. Commonwealth, 159 Va. 1038, 167 S.E. 253. The defendant is entitled to an instruction on the law of manslaughter although he relies solely upon the theory of self-defense. State v. Greenlee, 33 N.M. 449, 269 P. 331; State v. Rish, 104 S.C. 250, 88 S.E. 531; Commonwealth v. Colandro, 231 Pa. 343, 80 A. 571.