## MANNIX v. UNITED STATES.

### No. 5139.

Circuit Court of Appeals, Fourth Circuit.

Jan. 11, 1944.

---

Harry T. Whelan, of Washington, D. C. (John J. O'Brien and Dorsey K. Offutt, both of Washington, D. C., on the brief), for appellant.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., for appellee.

Before SOPER and DOBIE, Circuit Judges, and WARING, District Judge.

WARING, District Judge.

The appellant, Charles Joseph Mannix, was tried and convicted in the District Court of the United States for the District of Maryland upon an indictment containing two counts; the first count charging assault with intent to commit rape and the second count charging him with striking and beating another. The offense was committed on the grounds of the United States Public Health Service in Montgomery County, Maryland, the same being land reserved and acquired for use of the United States and by reason of this the United States District Court had jurisdiction. 18 U.S.C.A. §§ 451 and 455. The offense occurred some time after eleven o'clock on the night of May 27, 1943. It appears that the complainant was in one of the armed services of the United States, being a member of the Waves, and was employed at the Medical Center of the United States Public Health Service. While she was waiting for a street car to get to the Center, Mannix drove by in his automobile and offered her a ride, stating he was going in the direction of her destination. She got into his car and after they had gone some distance, he drove into a side road on the government reservation and there made a brutal, but unsuccessful, attack upon the complainant. She was badly beaten and when rescued by attendants of the institution had to be hospitalized and given medical attention. The defendant, Mannix, denied the main allegations of the charge so that the case was in great part one of credibility of the defendant as opposed to the statements of the complainant and of a number of other witnesses who came to her rescue in response to her calls and screams. The jury returned a verdict of guilty on both counts and the defendant was sentenced to imprisonment.

It is unnecessary to further elaborate the testimony as this appeal is based wholly upon two grounds: (1) The alleged improper, prejudicial and inflammatory questions asked on cross examination of certain witnesses, and (2) the charge of the court concerning testimony as to the good character of the defendant.

The defendant called five witnesses who testified concerning his previous reputation for good character and morality. It is shown by the record and frankly admitted in the brief for appellant that the cross examination of these witnesses, to which exception is now made, was conducted by the United States Attorney without defense counsel interposing any objections save as to one witness. It appears that such interposed objection was sustained by the court. Ordinarily this failure to observe the customary rules of trial might be sufficient ground for refusal to consider the matter, but in view of the seriousness of the charges involved and of the sentence imposed we have considered the matter as though these exceptions were properly here. In the cross examination of the character witnesses the District Attorney asked a number of them questions tending to bring out what, if any, knowledge the witnesses had of the defendant and in doing so asked them as to whether they had heard discussions or talk about this defendant in various years, and also as to whether they knew he had been tried for offenses or had ever had trouble affecting his employment, and they were also asked questions relating to other matters which would indicate knowledge or lack of knowledge of the general reputation of the defendant in the community where he then lived. It will be noted by a careful reading of the record that the answers to these questions were in the negative so that the District Attorney did not elicit any testimony adverse to the defendant; and as a matter of fact, the answers of these witnesses, which were not contradicted or attempted to be contradicted, were distinctly favorable to the defendant's case.

Cross examination of character, as well as other, witnesses, and the general regulation of cross examination should rest largely in the discretion of the trial court. The presiding judge is in the best position to see and hear the witness and to judge the propriety of the questions propounded on cross examination for the purpose of testing the witness' credibility and knowledge and prejudices, in order to endeavor to elicit the truth for the benefit of the jury. Of course this discretion must be exercised fairly and soundly.

It is the duty of the District Attorney in the prosecution of a criminal case

in the federal courts to endeavor at all times to act with propriety and fairness. He should prosecute firmly and vigorously, but at the same time fairly. Unfortunately, there have been many instances where this rule has not always governed the conduct of the prosecuting attorney. A case which has been cited to us and that is outstanding and well known in the federal courts is that of Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. The Supreme Court in that case pointed out the duties of a prosecuting officer and excoriated the action of the United States Attorney in that particular case. We are not unmindful of the fact that prosecuting officers some times over step the mark as was done in the Berger case and we think it the duty of this court and of the District Courts to be on strict guard to see that cross examination, argument and other conduct of the prosecuting officers at all times conform with the right standards of fairness and decency. We are glad to say that we believe that the Berger case was an unusual one. In the case under consideration we do not think that the conduct of the District Attorney in any way transgressed the rules of propriety. His cross examination of the character witnesses was directed towards eliciting from them what knowledge or information they had in regard to the defendant. He asked and had a right to ask certain questions as to particular facts that may have affected the defendant's reputation if these facts had come to the knowledge of the witness. The defense trial counsel did not seem to have been unduly upset over these questions and apparently believed them to be proper since no objections were made excepting to one witness, namely, as to whether the witness had read newspaper articles about the defendant. This question was objected to and the objection sustained. The District Attorney inquired of the witness whether he had read newspapers during June 1936 and did he recall reading anything about the defendant. The answer was "No". We can not see where the defendant was in any way prejudiced. The court ruled the question out, but the witness nevertheless answered the question in a way which was beneficial to the defendant.

In the recent case of Josey v. United States, 77 U.S.App.D.C. 321, 135 F.2d 809, the defendant called two witnesses who testified as to her good reputation for peace and good order and veracity. On cross examination the District Attorney asked these witnesses over objection if they had heard that the defendant had been arrested in 1940 for disorderly conduct. The appellate court points out that while the prosecution may not initially attack a defendant's character, nevertheless, when a defendant attempts to show good character the prosecution may in rebuttal offer evidence of bad character and the court goes further and says at page 811 of 135 F.2d: "While evidence of good or bad character is restricted to general reputation, and does not extend to particulars, a witness to good character may be asked, on cross-examination, whether he has heard particular and specific charges, or rumors, against an accused, of acts inconsistent with the trait of character about which the witness has testified."

The court cites numerous authorities sustaining this position.

This matter is elaborately considered and annotated in 71 A.L.R. where it is said (at page 1505): "According to the overwhelming weight of authority, a witness testifying to the good reputation or character of a defendant in a criminal prosecution may be interrogated on cross-examination with respect to rumors or reports of particular acts imputed to the defendant, and as to what the witness has heard of specific charges of misconduct made against the defendant."

In addition, on page 1514, it is said: "The purpose of the cross-examination of the defendant's character witness with reference to particular acts of the defendant is not to establish such acts as facts, or to prove the truth of the rumors or charges inquired about, but merely to show the circulation of rumors of such acts, and to test the credibility of the character witness, by ascertaining his good faith, information and accuracy."

See also Jung Quey v. United States, 9 Cir., 222 F. 766; Filippelli v. United States, 9 Cir., 6 F.2d 121; Mitrovich v. United States, 9 Cir., 15 F.2d 163; Clark v. United States, 57 App.D.C. 335, 23 F.2d 756.

In the case of Spalitto v. United States, 39 F.2d 782, the Circuit Court of Appeals for the 8th Circuit discussed this matter in a very full opinion quoting many authorities, including those already cited, and also a number of well recognized and standard text writers on Evidence, namely: Wigmore, Greenleaf, Underhill, Taylor, Starkie, Best, Chamberlayne, Rice and also Corpus Juris and Ruling Case Law.

The other point relied on in this appeal is that the defendant requested the District Judge to charge the jury as follows: "The jury are instructed that the circumstances of a case may be such that an established reputation for good character would alone create a reasonable doubt, although without it the other evidence would be convincing."

The court refused to give this instruction and we are of the opinion that such refusal was proper since to have given the charge as requested would have unduly stressed the evidence of good reputation and held it as a feature of the case standing alone and not to be considered in conjunction with other matters. In other words, under the instruction requested, if the jury becomes convinced that a defendant has a reputation for good character it must find him not guilty although all the other circumstances are completely convincing. We do not think that a correct statement of the rule. There has been considerable diversity in opinion among the different circuits as to the exactly appropriate phrasing of instructions regarding the weight and sufficiency of evidence of reputation of good character. Much of this has included some hair-splitting arguments. The Fourth Circuit has not yet spoken definitively on the subject. There are decisions from the Court of Appeals of the District of Columbia and from the Sixth Circuit and perhaps also from the Seventh Circuit tending to sustain the request as above phrased. See Roth v. United States, 6 Cir., 294 F. 475; Snitkin v. United States, 7 Cir., 265 F. 489; Egan v. United States, 52 App.D. C. 384, 287 F. 958; Jones v. United States, 53 App.D.C. 138, 289 F. 536; Arnstein v. United States, 54 App.D.C. 199, 296 F. 946. On the other hand in Allen v. United States, 4 F.2d 688, at pages 694 and 695, the Circuit Court of Appeals for the Seventh Circuit points out that a request "that reputation alone may create a reasonable doubt", was properly refused in that such an instruction gives undue prominence to certain evidence, and a similar position is taken by the same court in Scheib v. United States, 7 Cir., 14 F.2d 75, 79.

In the courts of the Second, Third, Fifth, Eighth and Ninth Circuits, it has been held that a jury is to consider all the evidence in the case, including that of good character, and this last may of itself be sufficient to give rise to a reasonable doubt, justifying a verdict of acquittal, when without it the other evidence in the case would be convincing of defendant's guilt. These decisions, however, all point out that it is proper for the court to instruct the jury as to the value and weight of reputation of good character, but that an instruction such as that asked for in the instant case, attempts to single out this evidence alone and would improperly instruct the jury if it finds that a man bears a good reputation that it can not convict.

The fountain head for most of these decisions is the case of Edgington v. United States, 164 U.S. 361, at page 366, 17 S.Ct. 72, 73, 41 L.Ed. 467, where the Supreme Court said: "Whatever may have been said in some of the earlier cases, to the effect that evidence of the good character of the defendant is not to be considered unless the other evidence leaves the mind in doubt, the decided weight of authority now is that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevent to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing."

Various constructions have been made of the foregoing. We think that one of the most satisfactory discussions of this case was made by the Circuit Court of Appeals for the Second Circuit in Kreiner v. United States, 11 F.2d 722, 726: "We understand the rule to be that the jury are to consider all the evidence in the case, including that of good character, and when so considered the evidence of good character may be sufficient to give rise to a reasonable doubt justifying a verdict of acquittal, when without it the other evidence in the case would be convincing of defendant's guilt."

In that case an elaborate discussion of all the authorities is made. In United States v. Quick, 128 F.2d 832, the Circuit Court of Appeals for the Third Circuit also gives an extended consideration and discussion of this subject. Among other things, the court says at page 836 of 128 F.2d:

"Of course mere proof of good character does not entitle a defendant to a verdict of acquittal. Singer v. United States, 3 Cir., 278 F. 415, 419. But it is equally true that evidence of good character, when considered along with all of the other evidence in

the case, may be the factor which creates the reasonable doubt which entitles a defendant to an acquittal by the jury. Edgington v. United States, supra. The very object of introducing character evidence is to raise in the minds of the jury a reasonable doubt as to the defendant's guilt. Rowe v. United States, 8 Cir., 97 F. 779, 781.

"The rule in this circuit is in keeping with the decisions already considered. In Cohen v. United States, supra [3 Cir.], 282 F. [871], at page 873, this court held that the trial judge 'should have instructed the jury in substance that reputation of the defendant's good character, when put in evidence, is a fact which they should consider with the other facts in the case, and further that reputation for good character is a fact which, when considered in connection with all the other evidence in the case, may, like other facts, generate a reasonable doubt.' These requirements, when instructions with respect to character evidence are required, have not been impaired by decisions in cases where trial courts have been sustained for refusing to approve requests which over-emphasize or unduly accentuate the role and efficacy of character evidence in creating a reasonable doubt. See Kaufmann v. United States, 3 Cir., 282 F. 776, 784, 785; Pomerantz v. United States, 3 Cir., 51 F.2d 913."

In Baugh v. United States, 27 F.2d 257, 261, the Circuit Court of Appeals for the Ninth Circuit approved a refusal to charge that character evidence "may alone create a reasonable doubt, although without it the other evidence would convince you of his guilt", and the court says such a charge would have given undue prominence and have accentuated what was after all but one of many circumstances in the case. See also Searway v. United States, 8 Cir., 184 F. 716; Humes v. United States, 8 Cir., 182 F. 485; Warren v. United States, 8 Cir., 250 F. 89; Kaufmann v. United States, 3 Cir., 282 F. 776; Kalmanson v. United States, 2 Cir., 287 F. 71; LeMore v. United States, 5 Cir., 253 F. 887; Joyce v. United States, 9 Cir., 294 F. 665.

■ Of course it is elementary that the trial court is never bound to instruct a jury in the exact language of the requests made by the attorneys in the case. Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; United States v. Quick, 3 Cir., 128 F.2d 832; Young v. United States, 9 Cir., 119 F.2d 399; Hart v. United States, 5 Cir., 112 F.2d 128; Hancey v. United States, 8 Cir., 108 F.2d 835.

We are of the opinion that the court in this case was warranted in refusing the instruction because in the language in which it was framed it did not measure up to the required rule. The court did charge the jury that consideration was to be given to reputation of good character and also fully charged as to the burden of proof being upon the government and the necessity of proof of guilt beyond a reasonable doubt. The charge generally was quite favorable to the defendant and in fact, he must have so realized since the only questions raised are those which have been treated in this opinion.

As heretofore noted, at the trial of this case counsel failed to object to some of the things now complained of. We have, however, overlooked that failure and considered everything presented on appeal whether or not proper objection was made upon the trial. And this has been done because of the seriousness of the case and is not to be considered as a precedent or an excuse or a reason for counsel to rely hereafter on matters not properly raised in the lower court. The court has read the entire record and has no doubt as to the propriety of the verdict. Perhaps this opinion is unduly prolonged with citation of authorities and consideration of points involved, which have been so many times passed upon by other courts. However, in view of the very serious nature of the offense and of the long term of imprisonment imposed by the trial court we have deemed it proper to consider all of the evidence, the charge and everything presented in the record, as well as each authority cited in the briefs or in oral argument even if the same be not exactly applicable to the specific questions raised in the appeal. A case as serious as this is entitled to the full time and effort of the appellate court and having given that to it we have no doubt as to the propriety of affirming the District Court. There was ample evidence to convict, the defendant had a fair trial and the judgment of the lower court should be and is

Affirmed.