78 A.2d 677 (1951)
BRENKE
v.
UNITED STATES.
No. 1003.
Municipal Court of Appeals for the District of Columbia.
Argued January 29, 1951.
Decided February 16, 1951.
Eugene F. Lane, Washington, D. C., with whom Michael J. Lane, Washington, D. C., was on the brief, for appellant.
William L. Shea, Washington, D. C., with whom George Morris Fay and Joseph M. Howard, Washington, D. C., were on the brief, for appellee.
Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.
CAYTON, Chief Judge.
Appellant was convicted of the offense of soliciting for a lewd and immoral purpose.[1] and was sentenced to pay a fine of $100 or to serve a sentence of 90 days.
Appealing from the conviction, he argues that he is entitled to a reversal (1) because the finding of guilt was contrary to the evidence and the weight of the evidence, and (2) because his honorable discharge from the United States Army which was in evidence established his "prior excellent reputation" and required an acquittal as a matter of law.
The only witnesses were the arresting officer and the defendant. The officer testified that in a public park in the nighttime, defendant accosted him and after a brief conversation made the solicitation. The officer's testimony, if believed, would leave no doubt that by what defendant did and said he was proposing homosexual acts of perversion. Defendant's testimony consisted *678 of a complete denial of the charge and an insistence that it was the officer who approached him. His version of the conversation was that the officer's proposal was merely that they go out together and "have a good time." He said that he was arrested while they were walking toward the officer's automobile, while the officer's testimony was that the arrest was made while they were walking toward the men's room in the park.
The effect of appellant's argument is that in a case of this nature a conviction should not be allowed to stand when based on uncorroborated testimony. He cites us to no statute or decision laying down such a requirement of corroboration, nor are we aware of any. Indeed the law seems to be clear that where there is a direct conflict between the testimony of defendant and that of a witness for the government, the trier of the facts has a right to accept the version of the government's witness.[2] And we know from practical experience that innumerable convictions have been had and sustained on the testimony of a single government witness.
We think we have no right to hold that in this type of case any more than in others the prosecution must fail when the government presents only one uncorroborated witness. We think the burden resting on the government is not so heavy. After all corroboration may sometimes come from defendant himself,[3] the trial judge having the right and responsibility of judging him by his appearance and demeanor on the witness stand. These are properly considered in testing the credibility of a witness.
Balancing the rights of society against those of individual defendants, it seems to us that the only safe and realistic approach is to leave such matters to the wisdom and experience of trial judges. Their opportunity to weigh credibility, probabilities and kindred questions is infinitely better than ours, confined as we are to the paper showings which come to us. The rule by which we are bound, and which we have applied in criminal as well as civil cases[4] is that when there is substantial evidence to support a conviction, we have no right to reverse.
Next we consider appellant's argument to the effect that his honorable discharge constituted such evidence of good reputation as to require an acquittal as a matter of law. Aside from the remoteness in time  the discharge certificate being dated January 1, 1946, almost five years before the offense charged  it is extremely doubtful whether it could have the legal effect claimed.[5] But even if it could it would not as a matter of law destroy the prosecution. The cases cited by appellant say no more than that evidence of good character may, standing alone, create a reasonable doubt in favor of an accused.[6] The cases do not hold that such character evidence requires an acquittal.
Affirmed.
NOTES
[1] Code 1940, 22-2701.
[2] Applebaum v. U. S., 5 Cir., 164 F.2d 974. See also Kempe v. U. S., 8 Cir., 160 F.2d 406, certiorari denied 331 U.S. 843, 67 S.Ct. 1534, 91 L.Ed. 1864; Rose v. U. S., 6 Cir., 274 F. 245, certiorari denied 257 U.S. 655, 42 S.Ct. 97, 66 L. Ed. 419; Schultz v. State, 88 Neb. 613, 130 N.W. 105, 34 L.R.A., N.S., 243.
[3] See State v. Lehr, 97 Ohio St. 280, 119 N.E. 730.
[4] Curran v. U. S., D.C.Mun.App., 52 A.2d 121; Fillipone v. D. C., D.C.Mun.App., 61 A.2d 565.
[5] See our ruling in Ridgell v. United States, D.C.Mun.App., 54 A.2d 679. See also Stewart v. U. S., 70 App.D.C. 101, 104 F.2d 234; Williams v. U. S., 168 U. S. 382, 18 S.Ct. 92, 42 L.Ed. 509.
[6] Edgington v. U. S., 164 U.S. 361, 17 S. Ct. 72, 41 L.Ed. 467; Kinard v. U. S., 68 App.D.C. 250, 96 F.2d 522; Jones v. U. S., 53 App.D.C. 138, 289 F. 536; Egan v. U. S., 52 App.D.C. 384, 287 F. 958.