**Theodore R. MOORE, Petitioner**

v.

**UNITED STATES of America, Respondent.**

**Misc. No. 1309.**

United States Court of Appeals District of Columbia Circuit.

April 8, 1960.

* Sitting by designation pursuant to § 294 (a), Title 28 U.S.C.

1. 1958, 105 U.S.App.D.C. 16, 263 F.2d 266.

2. We consolidated the present appeals for the purpose of briefing and argument.

Washington and Bazelon, Circuit Judges, dissented.

———◆———

Mr. John W. Karr, Washington, D. C., was on the petition for petitioner.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., and Louis M. Kaplan, Asst. U. S. Atty., at the time the answer was filed, were on the answer for respondent.

Before PRETTYMAN, Chief Judge, and EDGERTON, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

The petitioner's motion for leave to appeal at government expense was denied by a division of this court. Thereafter petitioner through his counsel moved for reconsideration *en banc* of his petition in forma pauperis. This petition for rehearing *en banc* was denied. A statement having been filed on behalf of members of the court who thought the petition should be granted, this explanation seems indicated.

The minority statement indicates that the petition for an appeal at government expense should be allowed in order that we may consider whether it was error for the trial court to refuse to give the instruction on insanity based on evidence that petitioner had an intelligence test rating or score of 69 as shown by tests when he was in school and when he was admitted into military service.

In essence the dissenting view is that we should allow this appeal to consider whether the "insanity" instruction defined in Durham v. United States, 94 U.S. App.D.C. 228, 241, 214 F.2d 862, 875, 45 A.L.R.2d 1430 (1954), should be extended to defendants classified as morons by psychological intelligence tests scoring the subject as less than 70.

This court has heard several cases *en banc* in which the closely related so-called "diminished responsibility" rule has been urged upon us and in no case until recently has the court even commented on the argument so advanced. Cf. Blocker v. United States, 1959, 107 U.S. App.D.C. 63, 274 F.2d 572. Our recent opinion in Stewart v. United States, 1960, 107 U.S.App.D.C. 159, 275 F.2d 617, makes it clear that concept is rejected.

The issue sought to be raised by the dissenting opinion is totally outside of and beyond the rule enunciated in any case decided by this court.

■■ It is well established that psychiatrists and psychologists freely concede there is no absolute accuracy and reliability of tests for the measurement

of intelligence.[1] Such tests as are used are treated as guides, not absolutes, by responsible experts. Two persons of substantially the same mental capacity may test with materially different scores or ratings in intelligence tests, depending on the extent of their education, training, their environmental background and other factors. The evidence in this case shows appellant is not a person suffering from either a "disease" or a "defect" as this court has defined those terms.

WASHINGTON, Circuit Judge, with whom BAZELON, Circuit Judge, joins (dissenting).

Petitioner sought leave to appeal in forma pauperis from his conviction for second-degree murder. A panel of the court denied leave, one judge dissenting. Petitioner asked reconsideration en banc, and this has been denied—erroneously, I think.

There is at least one question presented here for our review which is not plainly frivolous—namely, whether the trial court erred in refusing a requested instruction on the defense of insanity. "[S]o long as there was some evidence relevant to the issue of [insanity], the credibility and force of such evidence must be for the jury, and cannot be matter of law for the decision of the court." Kinard v. United States, 1938, 68 App. D.C. 250, 254, 96 F.2d 522, 526, as quoted in Tatum v. United States, 1951, 88 U.S.App.D.C. 386, 390, 190 F.2d 612, 616.

A psychologist testifying for the defense stated that petitioner had an I.Q. of 69, and that this placed him "in a range of mental defectiveness"; that his I.Q. had also been rated as 69 when he attended school and again when he was a member of the armed forces; and that "for practical purposes, you may regard him as a moron." In rejecting the request for an instruction, the trial judge said: "There is no insanity in this case.

* * * No insanity. There is no mental defect in the eyes of the law. His [the psychologist's] definition of a mental defect was altogether different from what we consider as a defense of insanity." The trial court's evaluation of the Rorschach test is reflected in his statement to the jury that he "was not impressed with the ink blots introduced in evidence by the psychologist."

The professional witness did testify that in his opinion petitioner was "not mentally ill." But this appears to have rested solely on his belief that petitioner was not psychotic, and that as a matter of law *only* psychosis constitutes "mental illness." It is apparent that the trial court shared this view. Of course, this view is erroneous. Carter v. United States, 1957, 102 U.S.App.D.C. 227, 252 F.2d 608.

It is true that in Stewart v. United States, 1960, 107 U.S.App.D.C. 159, 275 F.2d 617, 624, this court rejected "the argument that it was error for the trial court to decline to give the requested instruction that evidence of diminished intellect would permit the jury to return a verdict of a lesser degree of homicide than first degree murder." But here the requested instruction was of a different sort: it was asked in relation to a possible verdict of not guilty by reason of insanity, and not in relation to a possible verdict of guilty of a lesser offense than second degree murder. The question involved in this case is thus quite distinct from the one involved in Stewart. It is a question not without difficulty.[1] While it is not necessary at this stage to express a view as to how the question raised should be decided, we should give petitioner his day in this court.

I therefore vote for en banc consideration—not of the merits of the case, but of the petition for allowance of the appeal in forma pauperis. If allowed, the appeal would come on in normal course for hearing by a panel.

---

1. Guttmacher & Weihofen, Psychiatry and The Law 179 (1952).

1. Apparently at least one judge of the District Court has granted an instruction similar to the one requested—and de-

EDGERTON and FAHY, Circuit Judges: Though we agree with Judge Washington's basic position, the case does not seem to us appropriate for reconsideration en banc.

nied—here. See Smith v. United States, 1959, 106 U.S.App.D.C. 169 at 180, 270 F.2d 921, at page 932 (fn. 2 of dissenting opinion).