Roger HARRIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17153.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 2, 1962.

Decided Feb. 28, 1963.

Mr. William B. Bryant, Washington, D. C., for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., and Mr. Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Tim Murphy, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, PRETTY-MAN, Senior Circuit Judge, and WILBUR K. MILLER, Circuit Judge.

PER CURIAM.

Appellant was indicted, tried and convicted of the crime of bribery. It appears that two police officers called at appellant's apartment on a routine investigation of suspected illegal activity, i. e., gambling. Prior to their second call they advised their commanding officer that they suspected, due to some conversation had with appellant upon the first call, that appellant might attempt a bribery. They left with the commanding officer all the money they had in their pockets. When they reached appellant's apartment they were admitted and, having entered, walked around and looked over the room. Appellant testified that one of the officers picked up a cigar and said: "Well, I can't afford to smoke these. I can't afford two for a quarter." Appellant then gave the officers six dollars apiece. He testified: "I said, 'You all get you some cigars.'" The officers placed him under arrest, returned to headquarters, and gave their commanding officer the twelve dollars.

Upon the trial appellant defended upon the ground of entrapment and requested an instruction on that theory. The trial judge was of opinion that the evidence was not sufficient to raise an issue as to entrapment, and declined to give the instruction. We agree with the trial court.

Affirmed.

BAZELON, Chief Judge (dissenting).

If the jury believed appellant's version of the facts and drew all the permissible inferences in his favor, it could, in my opinion, reasonably have concluded that the alleged criminal act was induced by or was "the product of the creative activity" of the police. Sorrells v. United States, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932). See also Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

Concededly appellant's testimony may have been weak. But as this court recently said, "However implausible, unreliable or incredible only the jury had the right to make the evaluation * *." Young v. United States, 114 U.S.App. D.C. 42, 309 F.2d 662 (1962).

I would hold, therefore, that it was reversible error for the trial judge to decline to give the requested instruction on entrapment. See Johnson v. United States, 115 U.S.App.D.C. 63, 317 F.2d 127 (1963) ("Whenever the * * * evi-

dence \* \* \* gives rise to a factual issue of inducement [of criminal conduct] by the Government an instruction on entrapment should be given if requested \* \* \*." Page 129, note 2.) See also Kinard v. United States, 68 App.D.C. 250, 96 F.2d 522 (1938).